GERALD EISENMAN, Respondent, v. D. J. GRIFFITH, Appellant.

Kansas City Court of Appeals, May 18, 1914.

1. NEGLIGENCE: Automobiles: Driver. It is the duty of the driver of an automobile to keep a lookout ahead and it is negligence to continue looking in other directions.

2. ———: **Christian Name: Amendment.** Plaintiff brought an action through his "next friend" and the petition stated his Christian name to be Gerard when it appeared in evidence that it was Gerald. No objection was made until the case reached the appellate court. It was *held* the matter could be cured by amendment and the cause was remanded to the trial court for that purpose.

3. ———: **Next Friend: Grandfather: Father.** Plaintiff's next friend was his grandfather who had raised him from infancy. In the application to be appointed next friend, he stated he was his father. It was *held* the discrepancy was immaterial and did no harm to the defendant.

4. **MISCONDUCT OF COUNSEL: Reversible Error.** Misconduct of counsel in asking a question whether defendant had offered to compromise the case was *held* not cause for reversal in a case where there is no merit in the appeal.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson*, Judge.

AFFIRMED, BUT REMANDED FOR CHANGE OF NAME.

*Glen R. Donaldson* for appellant.

(1) The defendant's demurrer to the plaintiff's case should have been sustained. Plaintiff's evidence did not show that the accident was caused by an agent or employee of the defendant, acting within the scope of his employment. Sherman v. Railroad, 72 Mo. 62; Clark v. Buckmobile Co., 107 N. M. App. Div. 120; Winfrey v. Lazarus, 148 Mo. App. 388; Grattan v. Suedmeyer, 144 Mo. App. 719; Fleishman v. Ice & Fuel Co., 148 Mo. App. 117; Redd v. Railroad, 161 Mo. App. 522; Bouillon v. Laclede, 165 Mo. App. 320; Long v. Knute, 123 Mo. App. 204. (2) The defendant's demurrer to the evidence should have been sustained on the further grounds that the plaintiff did not show, directly or indirectly, within what space of distance the automobile described in the evidence, could have been stopped. The case being under the humanitarian doctrine this omission is fatal. Fink v. Railroad, 161

Mo. App. 314; Frye v. Railroad, 200 Mo. 377; Ayers v. Railroad, 190 Mo. 288; Trigg v. Water, Light & Transit Co., 215 Mo. 521; Nievert v. Wabash, 232 Mo. 626. (3) The petition was fatally defective in that a common-law action was joined in the one count of the petition with a violation of a city ordinance. Wills v. Railroad, 133 Mo. 625; McHugh v. Transit Co., 190. Mo. 85. (4) The one instruction submitted to the jury by the court assumed certain facts which were not proven in evidence and was not a correct declaration of the law. Sanitary Dairy Co. v. Transit Co., 98 Mo. App. 20; Nephler v. Woodward, 200 Mo. 179; Hovarka v. Transit Co., 191 Mo. 441; Baker v. Metropolitan, 142 Mo. App. 354; Daily v. Maxwell, 152 Mo. 415.

*Frank Friedberg* and *Jessie E. James* for respondent.

(1) The defendant's demurrer was properly overruled. The evidence did show that the accident was caused by an agent, servant and employee of the defendant acting within the scope of his employment. Shamp v. Lambert, 142 Mo. App. 576; Winfrey v. Lazarus, 148 Mo. App. 388; Davenport v. Co., 145 S. W. 457; Long v. Nute, 123 Mo. App. 205. (2) The automobile was stopped in ten to twelve feet, consequently it was not necessary to show by expert testimony in what distance it could have been stopped. It is not always necessary in order to submit a case under the humanitarian doctrine that there be expert testimony in the case in regard to the distance in which the car could have been stopped. Beier v. Co., 197 Mo. 215; Richmond v. Street Railway, 123 Mo. App. 495; Jett v. Railroad, 178 Mo. 664; Baxter v. Co., 103 Mo. App. 597; Keyes v. Street Railway, 144 S. W. 166; Mather v. Street Railway, 148 S. W. 383; Dahner v. Street Railway, 136 Mo. App. 443. It is a well-settled rule of appellate practice in this State, that to au-

thorize a review of any error alleged to have been committed by the trial court in the progress of the trial, it is indispensable that such error was called to the attention of the trial court in the motion for a new trial. Gresham v. Co., 130 Mo. App. 57; State v. Kyle, 177 Mo. 659; Needles v. Ford, 167 Mo. 495; Rodman v. Adams, 165 Mo. 60; Fender v. Hasaltine, 106 Mo. App. 28; Eppstein v. Railroad, 197 Mo. 738; State v. Brannam, 206 Mo. 636; State v. Grant, 194 Mo. 364; State v. Scott, 214 Mo. 257; Fullerton v. Carpenter, 97 Mo. App. 197; Jennings v. City, 105 Mo. App. 677.

ELLISON, P. J.—Plaintiff is a minor and this action is brought through his next friend, for personal injury received by being run over by defendant's automobile. The judgment was for the plaintiff.

The action is based on the humanitarian doctrine thereby conceding plaintiff's negligence, notwithstanding he was a small newsboy twelve years old. The place where the injury occurred was in the street at Eighteenth and Troost avenue, Kansas City. The latter street runs north and south and the former east and west and each have street car tracks. Plaintiff was standing on the southwest corner of the streets and defendants automobile, driven by a negro chauffeur in his employ, was coming along Troost avenue approaching Eighteenth street from the south at a speed of from fifteen to twenty miles an hour, intending to turn west into Eighteenth street. Plaintiff saw a westbound street car approaching on Eighteenth from the east. He was selling papers and wished to get aboard that car and started in a walk, diagonal across to the northeast corner. When he reached the crossing of the street railway tracks, slightly north of the Eighteenth street track, he was struck by the automobile with such force as to carry him along ten or twelve feet, permanently injuring him. The immediate cause of being struck was the chauffeur suddenly turn-

ing diagonally to the west to go into Eighteenth street just as he was crossing the Eighteenth street track. He gave no warning of his approach and did not stop the machine until he had struck plaintiff, when it was brought to a standstill with a front wheel on plaintiff's breast. There was a clear view—nothing to prevent plaintiff's position being seen by anyone attending to his duty, and the only reasonable way to account for striking the boy is that the chauffeur had his head turned looking at something to the east while his machine was entering Eighteenth street and making the turn to the west.

Defendant offered no evidence in his own behalf and what we have stated is what the evidence in plaintiff's favor tends to show. Plaintiff asked but one instruction and that was not objected to in the motion for new trial. Defendant asked for four, but these are not contained in his abstract. Plaintiff has been liberal enough to supply them by an additional abstract, but since defendant does not complain in his points of error, we pass them by. The demurrer to the evidence could not have been sustained by the court with the slightest degree of propriety. If the testimony in plaintiff's behalf be admitted to be true, undoubtedly a case was made for the jury. It was the duty of the driver of the car to keep a lookout in the direction his car was going and turning. He then would have seen the boy and it would have been his duty to immediately take all reasonable measures to avoid him. [Kinlen v. Railroad, 216 Mo. 145, 160.]    If he had been looking he could have stopped in time for the evidence shows he actually did stop within the space of a few feet, in this respect fully answering defendant's objection that it was not shown in what space the machine could have been stopped.

But it is insisted that it was not shown the chauffeur was in defendant's employ, and if in his employ, that it was not shown he was acting in the service of

defendant, or in the scope of his employment. We recently discussed the latter question in Whimster v. Holmes (not yet officially reported), 164 S. W. 236. In this case there was sufficient evidence, with reasonable inferences, to justify a finding that he was in the scope of his service to defendant.

It is insisted that the judgment should be reversed because the petition states plaintiff's Christian name as "Gerard" when it appeared in evidence as "Gerald." When this appeared, incidentally, in the course of the testimony of plaintiff himself, no objection was made, nor was any attention paid to the discrepancy until the motion for new trial was filed. We think defendant's authorities on this point as to the fatal character of such objection on orders of publication are not applicable. It is a matter which can be cured by amendment.

It seems that the application for appointment of next friend for plaintiff was made by his grandfather, but the application states he is the father. Whether this was an inadvertence, or clerical error, need not be answered. The grandfather had acted as his father, had had entire care and custody of him from birth, and we cannot see where the discrepancy could work any possible harm to defendant. The objection on this head is without merit.

We find no objection to the petition available after verdict. We come to the only objection made in the case which has given us any concern, and that is plaintiff's counsel was guilty of misconduct in asking a witness if the defendant had talked to him about compromising the case. If we could see that defendant's defence had the least merit we would feel justified in reversing the judgment. But as the question was not answered and as, in this case, it has not worked any injury we think it would not be proper to do so. In this view we have the support of the Springfield

Court of Appeals in Tuck v. Traction Co., 140 Mo. App. 335, 342.

So while we think the cause was well tried and while we affirm the action of the trial court we will remand the cause that the Christian name may be changed by amendment. [Secs. 1848, 1851, R. S. 1909.] All concur.