JAY WORTH, Appellant, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, a Corporation.—69 S. W. (2d) 672.

Division One, March 14, 1934.

*Henry R. Gannan* for appellant.

*E. T. Miller* and *Ward & Reeves* for respondent.

FRANK,. P. J.—Action by appellant, plaintiff below, to recover damages for the death of his wife, Ruby Worth, who was killed by defendant's train at a public crossing in the town of Portageville. At the close of plaintiff's evidence a directed verdict was rendered for defendant. From a judgment on that verdict plaintiff appealed.

The railroad runs north and south, and the public street east and west. The train was running north over the street crossing, and plaintiff's wife was struck and killed while standing on the crossing.

The petition pleaded two acts of primary negligence, (1) the failure of the train to give signals or alarms as it approached the crossing, and (2) the operation of the train at a rate of speed prohibited by an ordinance of the town of Portageville. The petition also pleaded a cause of action under the humanitarian doctrine. The answer, in addition to a general denial, pleaded contributory negligence, in that deceased took a position immediately in front of the rapidly moving train and at the time occupied a place and position of apparent and known peril to her, and that she failed to heed the warnings and signals and the danger known to her at the time, and that by reason of her heedless and reckless conduct she was struck and killed by the train. The reply was a general denial.

The accident occurred about two o'clock A. M. Deceased was standing on the crossing facing the approaching train. A bright headlight was burning on the engine. The train was traveling from fifty to sixty miles per hour. It was a fast through train and did not make scheduled stops at Portageville. This train had been running through Portageville on the same time and at the same rate of speed for a year or more. Deceased had been a resident of Port-

ageville for several years. Prior to her marriage to plaintiff she lived at the home of a Mr. Brock which was located about a block and a half from the crossing where she was killed. The crossing was between the Brock home and the main part of town. Many people passed over the crossing in both day and nighttime.

The track was straight with an unobstructed view for several hundred feet south of the crossing. There was a bright headlight on the engine. Deceased was standing on the crossing looking at the train as it approached. Her sight and hearing were good.

Plaintiff contends that the men in charge of the engine saw, or by the exercise of ordinary care could have seen deceased standing on the crossing for a distance of 2640 feet. In this connection it should also be stated that plaintiff admits that deceased was conscious of the approach of the train, but contends that her actions justified a reasonable inference that she was unconscious of her peril.

Conceding that the engineer saw deceased standing on the track when the engine was 2640 feet south of the crossing, yet, if she was conscious of the approach of the train, as plaintiff admits she was, she was not in a position of imminent peril, and the engineer owed her no duty to stop the train or slacken the speed thereof, but on the contrary he had a right to assume that she would step off the track to a place of safety unless there was something in her actions or manner indicating that she did not intend to do so. [Clark 'v. Railroad, 319 Mo. 865, 6 S. W. (2d) 954, 960-1; Stanton v. Jones, 332 Mo. 631, 59 S. W. (2d) 648, 654.] The record does not show anything in the conduct or manner of deceased indicating that she did not intend to step off the track. All she did was to stand on the crossing and look at the approaching train. The fact that deceased was looking at the train justified the engineer in believing that she was conscious of its approach and would step from the track and avoid the danger. To hold otherwise would reverse the well-established presumption, and would have required the engineer to stop the train on the assumption that deceased, knowing the train was approaching, might or would remain in its path. Such is not the law. However, plaintiff contends that the evidence warrants the inference that deceased did not know that she was standing on the main track on which the train was approaching until it was too late for her to extricate herself. This contention is based on the evidence of a witness who testified that when the train was about ten feet from deceased, "she took a step backward and then took a step forward or west." The claim is that as she did not attempt to extricate herself until the train was within ten feet of her, tends to show that she did not know that she was on the main track and in peril until that time. Even so, there was nothing in her actions or manner prior thereto which would indicate to the engineer that she did not know she was on the main track. Her presence on the track, under the conditions

shown, without more, was not sufficient to apprise the engineer of that fact. On the contrary, the fact that she was on the main track looking at the approaching train would indicate to the engineer that she was conscious of its approach and would avoid being struck by stepping to a place of safety.

One of the two eyewitnesses to the accident testified that he heard the brakes go on when the engine was ten feet from deceased. Other evidence was to the effect that the train ran beyond the place where deceased was struck, a distance of approximately three hundred feet plus the length of the train which consisted of an engine and five or six cars. Plaintiff contends that the distance the train ran after the brakes were applied shows that the engineer could have stopped the train and avoided striking deceased after he saw or should have seen her in a position of peril, because he saw or should have seen her on the track and in peril during the entire time the train was traveling the 2640 feet.

For present purposes we may assume that the engineer saw or by exercising ordinary care could have seen deceased on the track during the entire time the train was traveling the 2640 feet. The trouble with plaintiff's contention is that it assumes deceased was in a position of peril during all of that time. She was not in imminent peril during all of that time. She was not in imminent peril within the meaning of the humanitarian rule. She was looking at the train and was conscious of its approach. She could easily have stepped off the track into a place of safety. The engineer was justified in assuming she would do so unless there was something in her conduct to indicate the contrary. No showing was made that the engineer could have discovered that she did not intend to step off the track, in time to have thereafter stopped the train before striking her, and for that reason no case was made under the humanitarian rule.

Further contention is made (1) that the evidence tends to show that defendant was guilty of common-law negligence in running the train over a much-used crossing at a rapid rate of speed, and (2) that the operation of the train at a rate of speed in excess of that fixed by ordinance was negligence *per se.*

The evidence does show that the crossing was much used in both day and nighttime, and that an ordinance of the town of Portageville fixed the rate of speed of trains at five miles per hour.

Whether or not defendant was guilty of negligence in the respects mentioned, becomes immaterial in view of deceased's contributory negligence. It is our judgment that defendant's act in placing herself before a rapidly approaching train and remaining there, when she was conscious of the approach of the train amounted to contributory negligence as a matter of law, and defeats plaintiff's right to recover for alleged common-law or ordinance negligence. While

contributory negligence is not a defense to a humanitarian case, it is a defense to either common-law or ordinance negligence. [Grossman v. Wells, 314 Mo. 158, 171, 282 S. W. 710, 713; Tannehill v. Railroad, 279 Mo. 158, 213 S. W. 818.]

It is admitted that alarm signals were given at a sufficient distance from the crossing to warn deceased of the approach of the train.

The trial court was warranted in directing a verdict for defendant. The judgment rendered on that verdict should be affirmed. It is so ordered. All concur, except *Hays, J.,* absent.