LOREN RADABAUGH, a Minor, by His Guardian and Curator, JESS RADABAUGH, Appellant, v. J. S. WILLIFORD.—116 S. W. (2d) 118.

Division Two, May 3, 1938.

*John W. Noble* and *Alletha B. Noble* for appellant.

530

*Ward & Reeves* for respondent.

BOHLING, C.—Loren Radabaugh, a minor, by his guardian and curator, Jess Radabaugh, his father, seeks a judgment of $25,000 against J. S. Williford for personal injuries occasioned by Mr. Williford's automobile striking said minor. The appeal is prosecuted from a judgment, after verdict, for defendant.

The accident occurred on the afternoon of June 17, 1934, about the middle of the first block east of the square in Kennett, Missouri, on First Street, an east and west concrete street, forty-two feet in" width at the scene of the accident. The day was fair; the street, dry. At the time of the accident a number of automobiles, having tops, were parked at an angle of approximately forty-five degrees, headed northwest, along the north curb; there was no vehicular traffic moving along the street other than defendant's automobile, and one or two automobiles were parked parallel with the curb along the south curb of said First street.

Testimony on behalf of plaintiff was to the effect that Mr. Radabaugh, and his son Loren, who was eight years and seven months old, were proceeding south across First Street over a vacant space be-

tween the automobiles parked along the north curb; that when the father and Loren, who was approximately three feet west of his father, reached a point of approximately two feet south of an imaginary east and west line projected by the rear of the automobiles parked along the north curb, defendant's automobile was at a distance of between twenty-five and forty feet east, approaching at a speed of about fifteen miles an hour; that Mr. Radabaugh looked east, saw defendant's automobile, jumped back, grabbed for but missed Loren; that Loren threw up his hands; that defendants automobile continued on its course without slackening its speed or swerving and struck Loren; and that it was swerved a little to the south before it came to a stop between eight and ten feet west of the point of impact. There was testimony that defendant was looking south across the street at the moment of impact.

On behalf of defendant the testimony was to the effect that defendant's automobile was proceeding west about two feet south of the automobiles parked along the north curb; that Loren, proceeding southeastwardly, ran into the traffic way from the side of the parked automobiles and about five or six feet west of defendant's automobile; that defendant turned his automobile a little to the left and applied the brakes; that the bumper of defendant's car did not strike Loren but Loren, not stopping, struck his head against the right front fender; that defendant did not see Loren until he came out into the street from the side of the parked automobiles; that defendant was looking straight ahead and that he stopped his car as soon as possible, within a distance of about fifteen feet, after he first saw Loren.

Plaintiff's case was submitted under the humanitarian doctrine on defendant's alleged negligent failure to stop, to reduce the speed of or swerve his automobile.

■ A reading of the authorities infra, as well as others, will demonstrate the nonapplicability of defendant's authorities [Worth v. St. Louis-S. F. Ry. Co., 334 Mo. 1025, 1028(1), 69 S. W. (2d) 672, 673(1), and cases there cited] to his contention that plaintiff failed to make a submissible case. The law does not exact of a child of less than nine years that exercise of care exacted of an adult [Holmes v. Missouri Pac. Ry. Co. (Banc), 190 Mo. 98, 105, 88 S. W. 623, 624, 207 Mo. 149, 164, 105 S. W. 624, 628; Cervillo v. Manhattan Oil Co., 226 Mo. App. 1090, 1113, 49 S. W. (2d) 183, 187(6). Consult 3 Berry on Automobiles, p. 520, sec. 3.342.] [2] This is not a case of a sudden and undiscoverable peril under the testimony favorable to plaintiff. Defendant stopped his automobile within a distance of fifteen feet. It traveled approximately forty feet without changing its course or stopping after Loren was within defendant's range of vision. Defendant could or should have observed Mr. Radabaugh's unsuccessful effort to protect Loren from defend-

ant's oncoming automobile, and Loren's failure to attempt to remove himself from its path. The court correctly overruled defendant's general demurrer at the close of all the evidence. [Doherty v. St. Louis Butter Co., 339 Mo. 996, 1001(1), 98 S. W. (2d) 742, 743(1); Lindsey v. Vance, 337 Mo. 1111, 1117(4), 88 S. W. (2d) 150, 153(6); Steger v. Meehan (Mo.), 63 S. W. (2d) 109, 110(3); Eisenman v. Griffith, 181 Mo. App. 183, 187, 167 S. W. 1142, 1143(2); Miller v. Williams (Mo.), 76 S. W. (2d) 355(1). Consult Burke v. Pappas, 316 Mo. 1235, 1244, 293 S. W. 142, 146(5); Perkins v. Terminal Railroad Assn. (Banc), 340 Mo. 868, 102 S. W. (2d) 915, 918(1-6); 3 Berry on Automobiles, pp. 513, 538, secs. 3.341, 3.347.]

Plaintiff makes numerous attacks on the instructions. Some involve like principles of law. He says the modifications (indicated by italics) by the court of his Instruction 1P placed too great a burden upon him. This instruction, after requiring a finding that plaintiff was a minor; that he instituted the suit by his guardian and curator; that he was struck by defendant's automobile; that defendant saw, or could have seen, plaintiff in a position of imminent peril, *et cetera,* continued, "and if you further find *as a fact* that defendant saw or by the exercise of the highest degree of care could have seen plaintiff's peril, if you find plaintiff was in peril, in time thereafter by the exercise of the highest degree of care and with the use of the means at hand and with reasonable safety to himself and to said automobile to have avoided striking plaintiff with said automobile, either by stopping said automobile or by reducing the speed thereof, or by swerving said automobile to the left; and further find that the defendant, *having in fact either of said opportunities as before stated,* negligently failed to so stop said automobile or reduce the speed thereof, or swerve the same to the left; and further find that as a direct result of said negligence, if any, said automobile struck plaintiff and injured him, then your verdict will be for the plaintiff and against the defendant, even though you should find from the evidence that plaintiff was negligent in some act or failure to act, which act or failure to act directly contributed to plaintiff's injury." Plaintiff relies upon the law reannounced in Aly v. Terminal Railroad Assn., 336 Mo. 340, 349(3), 78 S. W. (2d) 851, 854(6); and like cases (Timper v. Mo. Pac. Railroad Co. (Mo.), 98 S. W. (2d) 548, 549(2) citing cases). The Aly case dealt with an instruction on negligence and particularly that portion thereof reading: ". . . If, therefore, after fairly considering the evidence . . . the truth as to the charge of negligence against defendant remains in doubt in your minds, your verdict must be for the defendant." The charge in the Aly case was a violation of the Federal Boiler Inspection Act; but what is there said under paragraph "second" has become the *ratio decidendi* in later cases based on neg-

ligence; to-wit: ". . . we do not see how it can be otherwise interpreted except that it requires a plaintiff to prove the charge of negligence by such a preponderance of the evidence as to remove any doubt in the minds of the jurors. . . . Jurors would no doubt understand by the latter part of the instruction that a plaintiff must prove a charge of negligence by such a preponderance of the evidence as to remove any doubt in their minds as to such charge. . . . Such an instruction casts upon the plaintiff a much greater burden than the law requires." Defendant's Instruction 1D in the instant case informed the jury "that the burden of proof in this case is upon the plaintiff and plaintiff must establish not only that he was struck and injured by defendant's car on the street in question and was damaged thereby, but must also show by the preponderance or greater weight of all the evidence in the case that such striking and injuring of the plaintiff was caused wholly by the negligence of the defendant as set out in Instruction 1P given herein in this case, and unless you do so find, then it is your duty to return a verdict in this case for the defendant."

In a law case the jury is the tribunal established by the law to arrive at the facts. Instructions perform the office of informing the triers of the facts what principles of law are applicable under the pleadings to the facts determined by them to exist. The law cast upon plaintiff the burden of affirmatively establishing the facts essential to a recovery under the humanitarian doctrine. The cases are numerous which refuse to sustain a recovery based upon speculation or conjecture by the jury as to the facts. Without the modifications, we think plaintiff's instruction well enough. It required the jury to "find and believe from the evidence" the facts hypothesized in the instruction, and we think it better practice to avoid the modifications under consideration as they have a tendency to lend themselves to a construction requiring a greater degree of proof than exacted by the law. However, it is evident that the modifications did not require plaintiff to establish the facts beyond a reasonable doubt, as did the instructions discussed in the Aly and other like cases. In Missouri Egg & Poultry Co. v. Missouri Pac. Railroad Co. (Mo. Banc), 257 S. W. 477, 478, 481, 482, an action under now Section 4766, Revised Statutes 1929 (Mo. Stat. Ann., p. 2164) for damages occasioned by fire communicated by a railroad locomotive engine, the court had under consideration an instruction advising the jury that ". . . before you can find for plaintiff in any sum, you must believe that the greater weight of the testimony shows that defendant's engine or engines did in fact set fire to plaintiff's property." The opinion sets out other instructions on behalf of defendant to like effect. After a discussion of the propriety of authorizing verdicts upon probabilities, the court held (l. c. 482) the instruction did not

lay too great a stress upon the burden of proof resting upon the plaintiff. In that case the plaintiff had the burden of establishing the facts essential to a recovery. In the instant case no less a burden rested upon plaintiff and like rules of law governed the issue of the sufficiency of the proof. [Consult Fritz v. St. Louis, I. M. & S. Ry. Co., 243 Mo. 62, 76(a), 148 S. W. 74, 78.] We think, reading instructions 1P and 1D together, the jury would not be misled but would understand a preponderance or greater weight of all the evidence would authorize a finding of the essential facts and the return of a verdict for plaintiff. Under the authority of the Missouri Egg & Poultry Co. case, supra, and cases therein mentioned, reversible error was not committed. Lampe v. Franklin Am. Trs. Co., 339 Mo. 361, 384(8), 96 S. W. (2d) 710, 722(23, 24), cited by plaintiff, held the refusal of an instruction, offered by one not having the burden of proof, authorizing a verdict upon a determination that a certain fact was more probable than another not error. It states: ". . . a verdict must be based upon what the jury finds to be facts rather than what they find to be 'more probable.' "

■ What we have said disposes of objections of a similar nature lodged against other instructions.

Plaintiff, among other things, complains of the word "wholly" in Instruction 1D. Defendant admits its use is subject to criticism; but contends reversible error is absent, citing McDonald v. Kansas City Gas Co., 332 Mo. 356, 363 (4-6), 59 S. W. (2d) 37, 40(6-9); Aronovitz v. Arky (Mo.), 219 S. W. 620, 624(11); Alexander v. Wabash Ry. Co. (Mo. App.), 38 S. W. (2d) 545, 550(15). The instruction directs a verdict for defendant unless "such striking and injuring of the plaintiff was caused wholly by the negligence of the defendant as set out in Instruction 1P given herein in this case." It differs in a number of respects from "sole cause" instructions condemned in cases cited by plaintiff: King v. Rieth, 341 Mo. 467, 108 S. W. (2d) 1, 5 (8, 9); Newcomb v. New York C. & H. R. Ry. Co., 169 Mo. 409, 422(I), 69 S. W. 348, 351, among others. Use of the word "wholly" in predicating a defense in an instruction, depending upon the context, may or may not constitute error. Instruction 1D does not refer to the concluding clause of Instruction 1P. Its reference to Instruction 1P is limited to that portion of Instruction 1P hypothesizing that negligence of defendant authorizing a recovery by plaintiff; and said Instruction 1D is to the effect that plaintiff may not recover unless "such striking and injuring of the plaintiff was caused wholly by" defendant's failure to stop, reduce speed or swerve under the humanitarian doctrine. It thus precludes a recovery upon a finding that plaintiff's negligence, irrespective of degree, contributed with defendant's negligence to plaintiff's injuries. That contributory negligence does not bar a recovery is of the warp and woof

of the humanitarian rule in this State. As a defense, contributory negligence passes out of an issue submitted under the humanitarian doctrine. [Borgstede v. Waldbauer (Banc), 337 Mo. 1205, 1216(6), 88 S. W. (2d) 373, 377(15); Schulz v. Smercina, 318 Mo. 486, 501, 1 S. W. (2d) 113, 120.] In Doherty v. St. Louis Butter Co., 339 Mo. 996, 1006, 98 S. W. (2d) 742, 746, we said, speaking to instructions submitting defenses in a humanitarian case: "Such instructions, however, must be specific and not leave room for the jury to consider contributory negligence as a defense." The conditional negative applied by Instruction 1D to defendant (unless "caused wholly by the negligence of the defendant") is distinguishable from conditional affirmatives applied to plaintiffs (if "caused wholly by the negligence of the plaintiff") in that the former lends itself to the construction, in the instant case, the striking and injuring were caused partly by the negligence of the defendant; and a defense under the humanitarian issue was not stated. The cases cited by defendant do not meet the situation.

There are other criticisms of defendant's instructions but we regard them, after careful consideration, insufficient to necessitate a remanding of the cause. For instance, the complaint against the use of the word "must" (see Instruction 1D) appears to be answered in King v. Rieth, 341 Mo. 467, 108 S. W. (2d) 1, 6 (11, 12), and Pabst v. Armbruster (Mo. App.), 91 S. W. (2d) 652, 658(5). Theoretically, verdicts are to be reached under governing principles of law and it is the duty of a jury to follow the law of the case. Further, a number, if not all, of the criticisms may be readily eliminated upon a retrial without materially affecting the legal rights of the litigants; and, with a reference to the propriety of keeping the instructions within the pleadings and the evidence [State ex rel. v. Ellison (Banc), 270 Mo. 645, 651(I), 195 S. W. 722, 723(3); Gandy v. St. Louis-S. F. Ry. Co., 329 Mo. 549, 467, 44 S. W. (2d) 634, 637(6)], we deem it unnecessary to prolong this opinion by a development of the criticisms in detail.

The judgment is reversed and the cause remanded. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.