LEON FLOYD, a Minor, by IVENA N. FLOYD, Guardian and Curator, Appellant, v. FRANK A. THOMPSON, Trustee for ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Corporation.—No. 39952.—201 S. W. (2d) 390.

Division One, April 21, 1947.

*Granville L. Gamblin* for appellant.

252

*M. G. Roberts, E. G. Nahler, A. P. Stewart,* and *C. H. Skinker, Jr.,* for respondent.

██ VAN OSDOL, C.—Action for $10,000 by plaintiff, an infant, for the wrongful death of his father, Durace A. Floyd. The cause was submitted on the theory of liability for an alleged violation of the Federal Safety Appliance Act, 45 U. S. C. A. sec. 1 et seq., in failing to equip a coal car with an efficient hand brake. 45 U. S. C. A. sec. 11. Verdict and judgment were for defendant; and plaintiff has appealed, herein contending the trial court erred in submitting issues of contributory negligence to the jury.

Plaintiff's decedent, Durace A. Floyd, and Ivena N. Floyd were partners doing business as Floyd Brothers, and were engaged in the business of salvaging "scrap" metal, which they shipped by rail to St. Louis. They had requested defendant, an interstate carrier, to "spot" two coal cars for loading with scrap on the Elayer spur connected with defendant's railroad line at Salem. At Salem defendant's line runs in a general north-south direction and the Elayer spur is west of and extends in a northerly direction from defendant's line. The track level of the spur declines northwardly at a grade of about three per cent. An earthen loading dock is situate east of the spur, enabling the contents of trucks to be unloaded into open coal cars on the spur. On the day of the fatality, two coupled coal cars had been spotted on the spur by defendant, the north end of the north car being at the loading dock; and "junk" automobile motors (weighing an average of about 350 pounds) were being unloaded by Floyd Brothers and their employees from the elevated bed of a dump truck into the north car. The "B" ends (brake ends) of the two cars were together. The bed of the dump truck had been so elevated and extended that the "tail end . . . would stick over into the car." It was contemplated Floyd Brothers or their employees would move and reset the cars when necessary in loading. As the loading progressed and the north end of the north car had been filled with scrap motors, it became necessary to move the cars farther north. The deceased directed the movement, and he and an employee, Carl Parker, undertook to manipulate the brakes. Parker, with the assistance of deceased, released the brake on the south car, and the cars started moving. Deceased was then on the east side and near the north end of the south car. The elevated dump truck had not been moved away from the north coal car, and no scotches were placed on the rails at the point where it was planned the cars should be stopped. As stated, when the brake on the south car was released, the cars started moving, and Parker attempted to stop the cars by using the brake of the north car; but the cars moved too far. Parker has "an idea" that, when he moved to the brake platform of the north car, the deceased took a position on the brake platform of the south car. It was Parker's testimony

254

that, when he was attempting to use the brake of the north [392] car, "the brake didn't catch or slow the cars down." In the movement, the "tail end" of the elevated truck was struck by the south end of the north coal car, causing a scrap motor to roll (from the elevated bed of the dump truck) toward the deceased, and he and the employee, Parker, were obliged to leave their positions around, or upon and between the two cars; but deceased fell or was knocked under the north wheel on the west side of the south car.

As we have said, it is assigned by plaintiff-appellant that the trial court erred in submitting issues of contributory negligence to the jury. Plaintiff-appellant contends an inefficient brake was the proximate cause of the casualty, and, the action being based on a violation of the Federal Safety Appliance Act, contributory negligence was not a defense; but it is further contended, if contributory negligence be an available defense, plaintiff was entitled to assume the cars were equipped with efficient brakes, and any omission on the part of deceased not connected with the failure of the brakes to operate efficiently would not be a proximate cause. Defendant-respondent contends that the defense of contributory negligence was available to defendant; and that the failure to put scotches or chocks on the rails, and the failure to move the dump truck away (so that the end of the bed was not over in the north coal car) were submissible to the jury as specific negligence proximately contributing to the casualty.

█ It was stipulated that the defendant is a common carrier by rail engaged in interstate commerce; but, manifestly, decedent was not actually an employee of defendant. Plaintiff urges that although deceased was not in fact an employee he was so *in law*. This argument is premised on the case of Stoutimore v. Atchison, T. & S. F. R. Co., 338 Mo. 463, 92 S. W. 2d 658. A reading of that case discloses that, in examining the duty (leaving out of consideration the Federal Safety Appliance Act) of a carrier to a shipper who was required by the shipping contract to move and load the provided cars, the court stated the carrier's duty to furnish safe appliances with which to move the cars was, at least, that of an employer to his employees, namely, to use ordinary care to see that safe and suitable means were provided. The court did not hold a carrier and a shipper in such a situation bear the legal relation of employer and employee; but did hold that, since the plaintiff shipper was doing the work which would properly have been done by carrier-defendant's employees, the defendant had, at least, a duty to the shipper commensurate with defendant's duty to its own employees.

█ The violation of the Federal Safety Appliance Act may be the basis of an action for death or personal injury, although the deceased or the injured person was not an employee of defendant interstate carrier. Brady v. Terminal R. R. Ass'n., 303 U. S. 10, 58 S. Ct. 426; Fairport, P. & E. R. Co. v. Meredith, 292 U. S. 589, 54 S. Ct. 826.

"It fairly may be said that the nature of the duty imposed by a statute and the benefits resulting from its performance usually determine what persons are entitled to invoke its protection." Fairport, P. & E. R. Co. v. Meredith, supra. In the case at bar defendant concedes that deceased, who under his contractual relation with defendant had occasion to manipulate the brakes of the car when loading, was entitled to the benefit of the Act in its requirement that cars must be equipped with efficient hand brakes. 45 U. S. C. A. sec. 11. The Federal Safety Appliance Act in itself, however, contains no bar to the defense of contributory negligence. The provision, which affects the defense of contributory negligence, is contained in Section 53 of the Federal Employers' Liability Act (45 U. S. C. A. sec. 51 et seq.), which Act is applicable to *employees* (of common carriers by railroad while engaged in interstate commerce) who are employed in interstate commerce. 45 U. S. C. A. sec. 51. Where an action (based upon an alleged violation of the Federal Safety Appliance Act) is for injury or death of a person other than an employee of the interstate carrier, the validity of the defense of contributory negligence should be determined in accordance with applicable state law. Tipton v. Atchison, T. & S. F. R. Co., 298 U. S. 141, 56 S. Ct. 715; ▌ Fairport, P. & E. R. Co. v. Meredith, supra. A violation of the Federal Safety Appliance Act has been said to be negligence—"what is sometimes called negligence *per se.*" Moore v. C. & O. Ry. Co., 291 U. S. 205, 54 S. Ct. 402. And in this state it has been said that the plea of contributory negligence is available although plaintiff's action is based upon defendant's negligence in the violation of a statute (or ordinance). Grossman v. Wells, 314 Mo. 158, 282 S. W. 710.

▌ Plaintiff, relying upon defendant's primary negligence in failing to have its cars equipped with efficient hand brakes in violation of the Federal Safety Appliance Act, has instituted his action for wrongful death seeking compensatory damages under Sections 3653 and 3654 R. S. 1939, Mo. R. S. A. Plaintiff may maintain an action under the sections if deceased could have maintained an action for damages had he survived. Section 3653, supra. If the deceased was guilty of contributory negligence which directly contributed to produce his injury and death, the plaintiff cannot recover. Fitzpatrick v. Kansas City Southern R. Co., 347 Mo. 57, 146 S. W. 2d 560; Worth v. St. Louis-San Francisco R. Co., 334 Mo. 1025, 69 S. W. 2d 672; McCloskey v. Renne, 225 Mo. App. 810, 37 S. W. 2d 950.

▌ It is tacitly conceded by defendant that defendant's failure (if so) to equip the coal cars with efficient hand brakes could be considered a proximate cause of the death of plaintiff's decedent; however, it is incorrect to say that only one of the acts of negligence, though of different parties, can be the proximate cause of an injury. The essential characteristic of actionable negligence is that the negligent act be a proximate cause of the injury, and the characteristic

may well attach to the concurrent acts of negligence of different parties. Contributory negligence in order to bar plaintiff's recovery must have the same essential characteristic, but contributory negligence presupposes the negligence of defendant which is actionable, that is, negligence which is a proximate or legal cause of the injury. It should not be urged, as plaitniff urges herein, that, because the jury may have believed defendant's failure (to equip the cars with efficient hand brakes) to have been a proximate cause of the death of plaintiff's decedent, such a belief, in itself, precluded a finding (defeating plaintiff's recovery) that the deceased's negligence was also a proximate cause. Examine General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S. W. 2d 442.

█ It remains for us to examine plaintiff's contention that the evidence does not justify the submission of the specific defenses of contributory negligence. In examining this contention, we will view the evidence from a standpoint most favorable to defendant. It is the rule that we may consider only the evidence most favorable to a defendant recovering a verdict in determining whether an instruction given at defendant's request is supported by substantial evidence. Rothe v. Hull, 352 Mo. 926, 180 S. W. 2d 7, and cases therein cited.

Floyd Brothers and their employees had theretofore never unloaded scrap into cars at the Elayer spur, and there was testimony introduced tending to show they were not familiar with the type of hand brakes with which the cars were equipped. There was also testimony introduced tending to show a known practice to scotch or chock wheels of cars set or moved at loading docks while loading. In view of the incline of the track and the positions assumed by deceased around, upon and between the two cars and the inexperience of deceased and the employee, Parker, in the use of the type of brakes with which the cars were equipped, it is our opinion the question whether deceased was in the exercise of ordinary care for his own safety in releasing or causing the release of the hand brake without taking the precautions of scotching the car wheels or without moving the bed of the dump truck away from the north car was a question for the jury. It is urged by plaintiff that the deceased was entitled to assume the hand brakes were efficient and was not required to anticipate that a dangerous situation █ would be created if the brake on the north car did not stop or slow down the cars. It is true the deceased was not bound to anticipate an omission of defendant in failing to equip the cars with efficient brakes, but, so far as "primary negligence is concerned, the obligation to exercise due care remains mutual and reciprocal. One may not disregard the laws of prudence and exact of others a primary obligation to protect him against his lack of caution. If he exercises due care for his own safety, then, absent information to the contrary, he may rely on the presumption that others will obey the law." Dempsey v. Horton, 337 Mo. 379, 84 S. W. 2d 621.

It is also true that, before the event, it could hardly have been foreseen that such a coincidence and sequence of circumstances would occasion the particular injury and fatality, or that a casualty would be occasioned in the.identical manner; nevertheless, it can be reasonably inferred from the evidence that the precautions mentioned supra, or either of them, would have avoided a casualty, so that the failure to take such precautions was not only a cause but was a cause but for which the casualty would not have occurred. Now, numerous circumstances, additional to those emphasized supra, entered into the tragic situation—the fact that when the cars were moved there were junk motors remaining in the dump truck, which fact apparently had not been noticed by deceased nor by his brother, nor by their employees; the precise location or position of the junk motors remaining in the upper or front end of the dump truck bed; the particular angle of the elevated bed of the dump truck with reference to the positions of deceased and Parker, which angle had its part in causing the junk motor to slide or roll in the direction of deceased—these and other physical conditions and circumstances were involved in causing the particular casualty, some of which, doubtless, were not taken into account by deceased. Yet these facts and circumstances and their unforeseen combination and sequence, in our opinion, would not justify the ruling that the failure of deceased to take the precautions mentioned supra, if found to be negligence, could not be reasonably found to be the proximate cause of the fatality. It could reasonably be said deceased should have foreseen there was an appreciable chance some harm would come to him in moving the car without taking the precautions mentioned supra; and now, after the event, it appears that the casualty was, under the circumstances, a natural and probable consequence of the failure to take the precautionary measures. An actor's negligent conduct which may be considered as a proximate cause of a particular injury when viewed after the event is more commonly illustrated in cases involving the question whether a defendant's negligent conduct may be considered a proximate cause of an injury. See Gray v. Kurn,.345 Mo. 1027, 137 S. W. 2d 558; Freeman v. Terminal R. Ass'n. of St. Louis, 341 Mo. 288, 107 S. W. 2d 36; McLeod v. Linde Air Products Co., 318 Mo. 397, 1 S. W. 2d 122; Funk v. Fulton Iron Works Co., 311 Mo. 77, 277 S. W. 566; Bowman v. Moore, 237 Mo. App. 1163, 167 S. W. 2d 675. See also Vol. II, Restatement of the Law of Torts, sec. 433.

The judgment should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The forgoing opinion by Van Osdol, C., is adopted as the opinion of the court. All the judges concur.