Donald WISSMAN, Appellant,

v.

Virgil C. WISSMAN, Respondent.

No. 38955.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 21, 1978.

James C. Butcher, Butcher, Marshall & Cline, Columbia, for appellant.

Mike A. Dallmeyer, Hendren & Andrae, Jefferson City, for respondent.

REINHARD, Judge.

Plaintiff brought this action for personal injuries sustained as a result of an accident involving a tow truck owned and operated by defendant. The case was tried under the doctrine of res ipsa loquitur, and an instruction on contributory negligence was given. A jury found in favor of defendant and plaintiff appeals.

On August 3, 1974, plaintiff assisted defendant in recovering a disabled automobile. Two tow trucks were utilized in this operation; plaintiff handled the larger truck, and defendant drove the smaller truck with which the automobile was towed to defendant's salvage yard. Plaintiff drove the larger truck into the yard, parked it, got out, and directed defendant to back up the smaller truck, still holding the disabled automobile, to within a couple of feet from the rear of the larger truck. Plaintiff was clearly visible to defendant as the latter backed up his truck. Plaintiff then signalled defendant to stop the truck. Defendant stopped his truck and, according to defendant, set the electric brakes, leaving the motor running at this time. The electric brakes are set by pulling a toggle switch on the dashboard and applying pressure to the brake pedal.

Plaintiff observed the vehicle stop and, consistent with the parties' customary procedure in this type of operation, stepped between the rear of the larger truck and the bumper of the disabled automobile, for the purpose of attaching chains to the automobile in order to raise it and remove the towing dollies. The smaller truck then rolled backward, pinning plaintiff between the towed automobile and the larger truck and resulting in a fracture of plaintiff's left femur.

Plaintiff and defendant had performed this kind of procedure numerous times and were aware of the responsibilities of each in performing it, responsibilities which included defendant's stopping the truck and alighting from it to help plaintiff. Defendant had just descended from his truck when he noticed it rolling back. Upon hearing plaintiff call for him to pull up, defendant got back into the vehicle, moved it forward and set the electric brake, noticing that the toggle switch had remained in the pulled position. There was testimony that the brake lights would remain on if the brakes had been properly locked, but plaintiff testified that he did not look to see whether the brake lights were on.[1]

Plaintiff first contends that there was no evidence justifying the submission of a contributory negligence instruction and that the court erred in submitting Instruction No. 6, defendant's contributory negligence instruction.

It is axiomatic that giving an instruction is error if it is unsupported by the evidence. In determining whether an instruction has the necessary evidentiary support, the evidence is considered in the light most favorable to the defendant, disregarding plaintiff's evidence unless it tends to support the submission. *Rickman v. Sauerwein*, 470 S.W.2d 487, 489 (Mo.1971).

Every person is required to make ordinary use of his faculties to observe and avoid danger. *Murphy v. S.S. Kresge Co.*, 239 S.W.2d 573, 580 (Mo.App.1951); *Schilling v. Bi-State Development Agency*, 414 S.W.2d 818, 824 (Mo.App.1967). Although the maxim sounds simple, there is no easy formula to be applied in ascertaining the conduct required of plaintiff. What amounts to ordinary care in a specific situation depends on the particular surrounding

---

1. However, at the time plaintiff stepped between the vehicles and until defendant had removed his foot from the brake pedal, the illumination of the brake lights would have indicated only that the brakes were being applied, not necessarily that they had been locked.

circumstances, and therefore as to a determination of negligence, be it primary or contributory, each case must depend on its own facts. *Miller v. Sabinske,* 322 S.W.2d 941, 946 (Mo.App.1959); *Coats v. Sandhofer,* 248 S.W.2d 455, 458 (Mo.App.1952).

■ Furthermore, a determination of contributory negligence is generally a matter for the jury. It is to be taken from them only if reasonable minds could not differ as to the existence or absence of negligence. *Miller v. Sabinske, supra* at 946. Considering the facts of this case, we believe that the plaintiff's contributory negligence was a jury question and the giving of a contributory negligence instruction was proper.

■ Under the circumstances of this case, plaintiff is held to be aware of the danger inherent in placing himself between two heavy pieces of machinery. The standard of ordinary care to which plaintiff is bound by this awareness is a relative standard requiring precautions commensurate with the dangers to be reasonably anticipated under the circumstances. *De Mariano v. St. Louis Public Service Company,* 340 S.W.2d 735, 743 (Mo.1960); *Niemczyk v. Burleson,* 538 S.W.2d 737, 741 (Mo.App. 1976).

■ Plaintiff argues that he was merely following the procedure that had been used many times before, that he was where he had a right to be, doing what he had a right to do, and that the law does not require him to anticipate the negligence of others. Although plaintiff is correct in his general proposition that one is not negligent for failing to anticipate danger arising from the negligence of others, this principle is not applicable here to relieve him of his duty to exercise ordinary care for his own safety under the circumstances. The danger of stepping between two heavy pieces of machinery on an incline was present and apparent, and whatever plaintiff's assumption about defendant's conduct, plaintiff was nevertheless bound to exercise ordinary care for his own safety.

*Floyd v. Thompson,* 356 Mo. 250, 201 S.W.2d 390 (1947), was a wrongful death action based on the alleged failure of defendant railroad to provide adequate effective brakes on railroad cars into which deceased was loading scrap metal. Defendant claimed contributory negligence, and after a verdict for defendant, plaintiff appealed, alleging that the contributory negligence instruction should not have been given because plaintiff's decedent had a right to rely on the hand brakes working. In rejecting plaintiff's contention, the Missouri Supreme Court held that although plaintiff was not bound to anticipate the omission of defendant in failing to equip the cars with efficient brakes, "so far as 'primary negligence is concerned, the obligation to exercise due care remains mutual and reciprocal. One may not disregard the laws of prudence and exact of others a primary obligation to protect him against his lack of caution. If he exercises due care for his own safety, *then,* . . . he may rely on the presumption that others will obey the law.'" *Id.* at 394, citing *Dempsey v. Horton,* 337 Mo. 397, 84 S.W.2d 621, 626 (1935).

In *Romandel v. Kansas City Public Service Co.,* 254 S.W.2d 585 (Mo.1953), the court dealt with the alleged contributory negligence of a woman who was struck by a streetcar while she was walking with the light across an intersection. Although in that case the Supreme Court was considering a defendant's contention that plaintiff had been contributorily negligent as a matter of law, the facts and language of the case are appropriate. After recognizing that generally a person is not required to look for danger where there is no reason to anticipate it, the court stated:

The "Walk" light itself was some assurance to plaintiff that she could proceed safely. She had the right to assume that all southbound vehicles would stop. . . . And plaintiff had the "right-of-way." *Of course,* neither her right to assume that southbound vehicles would stop nor having the "right-of-way" relieved her of *her duty to exercise ordinary care.* . . .

[These were] *factors to be considered by the jury in determining whether she was negligent in not looking northward again.* (Emphasis added).

*Id.* at 591.

■ Applying these principles to the evidence in this case, we cannot say that defendant did not make a submissible case of contributory negligence. The vehicles were on a slight incline. There was evidence from which a jury could have found that plaintiff knew that his father was going to step from the truck and leave it unattended when he came back to assist the plaintiff. Furthermore, the evidence showed that the vehicle would be out of gear and that the motor would remain running. There was also evidence that the plaintiff knew that the brake lights would remain on if the electric brake had been properly activated. By plaintiff's own admission he did not look to observe if the brake light was on or remained on. Under these circumstances, we cannot say a jury could not determine that the plaintiff failed to exercise ordinary care for his own safety by stepping between the vehicles without first observing whether or not the brake light was on and remained on.

■ Plaintiff also contends that the language in Instruction No. 6 gave the jury a roving commission to speculate upon a number of things plaintiff might have done or could have done to avoid the accident.[2]

The challenged language of Instruction No. 6 reads:

Your verdict must be for defendant whether or not defendant was negligent if you believe:

First, plaintiff stepped directly behind the vehicle operated by defendant without first determining that the brakes were set, and

Second, such conduct of the plaintiff was negligent, . . .

We agree with plaintiff that the instruction was erroneous. There was evidence presented that in some cases defendant relied on the electric brake system as was claimed here and that under other circumstances, such as on steep inclines, he also utilized the hand brake. Plaintiff in his brief lists several actions he might have taken before stepping between the vehicles. Because these were various means by which plaintiff could have ascertained whether the brakes were set, the general language used in the instruction, "without first determining that the brakes were set," was inadequate in failing to specify what plaintiff might have done. The instruction was too general and amounted to a roving commission because it gave the jury no guidance as to what conduct in regard to the brake was improper but invited the jury to speculate on what particular acts or omissions on the part of plaintiff would constitute contributory negligence. *Hawkeye-Security Ins. Co. v. Thomas Grain Fum. Co.,* 407 S.W.2d 622, 630 (Mo.App.1966). For this reason, it is necessary that the case be remanded for a new trial.

■ Plaintiff's final point is that the court erred in giving Instruction No. 6 because that instruction, especially when considered in combination with Instruction No. 3, required appellant to carry a greater burden of proof than is lawfully required of him under the res ipsa loquitur doctrine. Although we would like to point out that contributory negligence can be a proper defense in a res ipsa loquitur case, *Jones v. Thompson,* 360 Mo. 285, 228 S.W.2d 673, 677 (1950), we need not determine this issue because of our finding that a remand is necessary. The issue may not arise on retrial.

Reversed and remanded.

STEWART, P. J., and STEPHAN, J., concur.

---

2. Plaintiff also alleges that Instruction No. 6 improperly deviated from MAI 32.01, resulting in prejudice to plaintiff. Because of our determination that the instruction permitted a roving commission, we do not reach the merits of this contention. However, we note that MAI 32.01 has since been redrafted into 32.01(1) providing a contributory negligence instruction submitting a single negligent act and 32.01(2) providing a contributory negligence instruction submitting multiple negligent acts. If appropriate, these new forms should be utilized on retrial.