Teresa PEHAR, Appellant,

v.

Donna K. ROBBS, Respondent.

No. 48628.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1985.

A. David Arand, Union, for appellant.

Samuel T. Vandover, St. Louis, for respondent.

CLEMENS, Senior Judge.

Plaintiff Teresa Pehar as widow of pedestrian Sensei Pehar sued defendant motorist Donna Robbs for wrongfully causing the death. A jury found for defendant-driver and plaintiff-widow has appealed.

Following denial of her after trial motion plaintiff-widow appeals. She contends the court erroneously gave defendant's contributory negligence instruction, M.A.I. 32.-01(3). Plaintiff contends this was error because the evidence failed to show the victim had failed to keep a careful lookout. We disagree.

Defendant driver was the only credible eye-witness. Her passenger-mother's testimony was vague and contradictory but helpful to plaintiff.

We first relate the pertinent, uncontradicted testimony: Before the casualty decedent was going west on divided highway I–44 in the proper dual lane. He stopped and parked off the north side of the highway so he could go to a ceramic shop by walking first across the highway and then across the parallel access road. As he did so, defendant was driving west on the 40-foot-wide access road. The level of this road is a few feet lower than the highway. Between the highway and the access road there was a short, five-foot-high wire mesh fence. Decedent had parked near the end of this fence but to reach a point where he could start across the access road to reach his destination he had to walk west about 40 feet behind the fence. As said, decedent was crossing the access road when struck by defendant's car.

When called by the plaintiff the seventeen-year-old defendant testified she was

driving her mother's car westward on the service road at about 40 m.p.h. (She denied having ever said she was going 60 m.p.h.) She first saw decedent "as he stepped from behind the fence and he was right there." She swerved to her left into the east bound lane and hit decedent. Plaintiff also introduced into evidence the deposition it had taken from defendant. Therein she generally testified to leading questions that when she first saw decedent he was two or three feet away heading straight across the service road; she turned to her left across the center line before striking decedent and she came to a stop partly off the service road; the car's windshield and front fender were damaged on its right side.

Pauline Jenson, operator of the mentioned ceramic shop, testified for plaintiff that defendant came to her home to report the collision; defendant was excited and said she had been driving at 60 m.p.h.; said her short height made it difficult for her to see; that when she saw decedent she started to pull left but "he kept on coming."

The other defense witness was Trooper Floyd Wright a 15-year-veteran in highway accident investigation. He came to the scene within minutes of the accident. There he found decedent lying on the right-hand side of the service road, and defendant's car halted partly off the left-hand side about 20 feet west of the west end of the chain link fence. The fence is 5 feet from the north side of the service road. That is significant here because a driver going west on the service road, as defendant was, "can't see anything on the other side" of the fence.

By this unrefuted testimony decedent became visible to defendant for only 4 or 5 seconds as he walked the five feet from the end of the fence down to the edge of the service road. Decedent came into obvious peril only as he continued to walk another ten feet to the middle of the west-bound lane of the service road. Thus decedent's position of peril became visible to defendant for only 2 or 3 seconds; within that time she had begun turning to her left to avoid striking decedent.

As said, the jury found for the defendant. In denying plaintiff's motion for a new trial the trial court explained that the evidence supported the finding the decedent had not kept a careful lookout, that his view had been unobstructed, and that he had gone from a place of safety into a place of danger; that the evidence warranted giving of the challenged contributory negligence instruction.

■ We deny plaintiff's point that the court erred in giving defendant's instruction submitting decedent's failure to keep a careful lookout. The propriety thereof is to be determined by defendant's, not plaintiff's evidence. *Wissman v. Wissman*, 575 S.W.2d 239[1] (Mo.App.1978); *Carter v. Boys' Club of Greater Kansas City*, 552 S.W.2d 327[12] (Mo.App.1977). See also *Young v. Grotsky*, 459 S.W.2d 306[5] (Mo. 1970). Defendant's unrefuted evidence supported the instruction.

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.