VALENTINE HARMAN, Respondent, v. WILLIAM M. SHOTWELL AND JOHN W. SHOTWELL, Appellants.

1. *Practice, civil — Instructions by court and counsel.* — When counsel present to the court correct views of the law, in a clear and distinct form, and so as not to mislead the jury, the better practice is for the court to adopt the instructions thus presented. Yet the judge has a right to present his own views in his own language; and often, from the obscurity or multiplicity of instructions presented by counsel, it is his duty to do so.

*Appeal from Ray Court of Common Pleas.*

*Dunn & Garner*, and *Bannister & Hughes*, for appellants.

*Donaldson & Farris*, and *Black & Black*, for respondent.

BLISS, Judge, delivered the opinion of the court.

This suit was brought to recover a balance due on a contract to burn and deliver at the kiln 180,000 merchantable brick at $8 per 1,000, and the defense was that the brick were not burned and delivered according to contract, either in the amount or quality, or at the time stipulated; that defendants had overpaid for the brick actually delivered, and had suffered damages for the breach of the contract, for which they asked judgment. Both parties asked for instructions sustaining their view of the law, but the court ignored them and gave instructions on its own motion. The defendants, against whom judgment was rendered, complained of the refusal to instruct the jury as requested by them; and

inasmuch as the second, third and fourth instructions asked were correct, the court erred in refusing them, unless their substance was embraced in those given on its own motion.

The court held that merchantable brick meant brick suitable for the purposes intended by the contract, and directed the jury to ascertain the number of merchantable-brick made and burned by the plaintiff under the contract, deducting what was sold to others, and allow him the contract price, and allow defendants the amount paid, and render a verdict for the balance either way, unless they further found that the whole amount was received by defendants, in which event they were to find for the plaintiff their value, not exceeding the contract price, and allow defendants the amount paid on the same, together with any damages they might have sustained growing out of the transaction on account of the failure of the plaintiff to comply with the contract, and give a verdict for any balance found due either party.

This is the substance of instruction No. 2, and I think it could hardly have embraced what the court intended to say. It seems to suppose two conditions of things in regard to the fulfillment of the contract by the plaintiff: one when the brick were made and burned, but not taken away, and the other when they were actually received by defendants. If made and burned only, the plaintiff was entitled to the contract price, deducting only the amount paid, but allowing no damages; but if they were received by defendants, then their value only, not exceeding the contract price, was to be paid, and the defendants were to be allowed their damages. There is obscurity in the language, but this seems to be its meaning, and I can see no reason for the distinction.

By the contract they were to be made and burned upon the premises of the plaintiff, and defendants were to haul them away. If they were not burned in season for use, or not in the quantity called for, I do not see why defendants should pay for them without deducting damages, or even accept them at all, and still be allowed damages if they hauled them away. The court, perhaps, meant to say that if the plaintiff had made and burned the number of brick contracted for, and, according to the contract, ready to be delivered to defendants, then the defendants are liable for

the contract price, deducting only the amount paid; but if the contract was not fulfilled by him, but still he had made brick which defendants received and appropriated, then they must pay for the number actually accepted whatever they were worth, not exceeding the contract price, and in that case should be allowed to offset the damages suffered from the breach of the contract.

Whatever idea was in the mind of the judge, I do not think the jury could have understood this to be his meaning. Where counsel present to the court correct views of the law, in a clear and distinct form, and so as not to mislead the jury, the better practice is for the court to adopt the instructions thus presented; yet the judge has a right to present his views in his own language, and often, from the obscurity and multiplicity of the instructions submitted by counsel, it is his duty to do so.

The judgment will be reversed and the cause remanded. Judge Wagner concurs. Judge Adams absent.