KENNETH MANN v. C. F. PAYNE and DAVID PAYNE, Appellants.—
159 S. W. (2d) 602.

Division Two, December 16, 1941.

Rehearing Denied, March 13, 1942.

*Paul C. Sprinkle, Richard C. Jensen* and *Sprinkle & Knowles* for appellants.

90

*Julius C. Shapiro* and *E. E. Thompson* for respondent.

WESTHUES, C.—Plaintiff filed this suit to recover damages for personal injuries alleged to have been sustained in an automobile collision, charged to have been caused by the defendant, David Payne, who was operating a car owned by the co-defendant, C. F. Payne. There was a verdict and judgment in plaintiff's favor in the sum of $8,000.00. The defendants appealed.

The collision occurred at the intersection of Fifty-fourth street, Brookside boulevard and Westover road in Kansas City, Missouri. Westover road runs in a southwesterly direction from the intersection and does not extend north thereof. Brookside is a north and south street, and Fifty-fourth street is an east and west street. Plaintiff, Mann, was driving a Packard and the defendant, Payne, was driving a LaSalle. Both cars were being driven south on Brookside toward Fifty-fourth street. The defendant, Payne, intended to make a left turn at the intersection onto Fifty-fourth street. As he was in the act of making the turn his car and the plaintiff's car, which at that time was to the defendant's left, collided. Plaintiff's car veered off in a southeasterly direction and after zigzagging from east to west and from west to east for a distance of one hundred

feet or more it collided head-on with a northbound yellow taxi cab. This latter collision resulted in serious damages. Plaintiff's car, as well as the cab, was demolished, and plaintiff and the cab driver were injured. The Payne car was only slightly damaged at the left front fender and hubcap.

Appellants urge that instruction number one, given at plaintiff's request, was erroneous. This instruction informed the jury that if David Payne intended to make a left turn at the intersection then it was—"the duty of defendant, David Payne, to approach Fifty-fourth Street, within the immediate vicinity thereof, to the right of, and in the portion of said Brookside Boulevard nearest the center line of said Brookside Boulevard, and the Court further instructs you it was the duty of defendant, David Payne, before attempting to make said left turn, to extend his arm from the left of the LaSalle automobile, below horizontal, so that same could be seen from the rear of said automoible."

The instruction authorized a verdict for plaintiff if the jury found that the defendant, David Payne, failed in his duty as set forth in the instruction. Plaintiff pled an ordinance of Kansas City, Missouri, relating to duties of automobile drivers when intending to make a left turn at a street intersection. This ordinance, insofar as material to the issues presented in this case, seems to harmonize with the provisions of Section 8385, R. S. Mo. 1939. The ordinance reads as follows:

"Approach for a left turn shall be made in the lane for traffic to the right of and nearest to the center line of the roadway, . . .

. . .

"The driver desiring to turn to the left shall extend his arm from the left of his vehicle below horizontal so that the same may be seen from the rear of his vehicle. The driver desiring to slow down and stop shall extend his arm to the left of his vehicle horizontally so that the same may be seen from the rear of his vehicle.

"'(c) The signal herein required shall be given either by means of the hand and arm, or by an approved mechanical or electrical device, except that when a vehicle is so constructed or loaded as to prevent the hand and arm signal from being visible both to the front and rear the signal shall be given by a mechanical or electrical device.'"

The portion of the statute involved will be found in subsections (j) and (k) of Section 8385, supra, which read as follows:

"(j) An operator or driver intending to turn his vehicle to the left shall extend his arm at an angle below horizontal so that the same may be seen in the rear of his vehicle, and shall slow down and approach the intersecting highway so that the left side of his

vehicle shall be as near as practicable to the center line of the highway along which he is proceeding before turning.

"(k) If a motor vehicle is equipped with a mechanical or electrical signaling device, which will display a signal plainly visible from the rear and indicating intention to turn or stop, or that the speed of the motor vehicle is being slowed, the signals with the hand and arm, herein required, need not be given, . . ."

It is appellants' contention that if the car driven by the defendant, David Payne, was equipped with an electrical signaling device, ▆▆▆ plainly visible from the rear, and if such signal to *turn or stop* was given, then the defendant complied with the provisions of the ordinance and the statute and was not in duty bound to also give the arm signal. Appellants also contend that the evidence justified a finding that Payne did give the signal to stop or turn with the electrical device and therefore plaintiff's instruction number one was erroneous because it authorized a verdict for plaintiff even if the jury found the defendant had given the signal by means of the electrical device. Plaintiff introduced substantial evidence to support his theory that the Payne car was not traveling as near as practicable to the center line of the roadway and that David Payne failed to give any signal of his intention to make a left turn. The defendants introduced substantial evidence that the arm signal was given and that the electrical device signal was also given. Defendants further offered evidence that their car was immediately to the right of the center of the roadway and that it was slowed down preparatory to making a left turn; that plaintiff attempted to pass their car by turning to the left of the center of the roadway at a high rate of speed and in that way struck the Payne car. Respondent in answer to appellants' contention argues as follows:

"Further, instruction I, by requiring the jury to find that defendant *negligently* failed before making said turn to extend his arm from the left side of the LaSalle automobile, etc., under the circumstances made it unnecessary to specifically negative question of signal device even had there been evidence that defendant David Payne displayed an electrical or mechanical signal plainly visible indicating a left turn was to be made, for the reason that the *jury was required to find* that *such failure* to *extend the arm was negligence.*"

We are of the opinion that the instruction plainly informed the jury that it was the duty of the driver of the Payne car to give an arm signal and that if he failed to do so he was negligent as a matter of law. No mention was made in the instruction of a mechanical or an electrical device signal. If the evidence was sufficient to justify a finding that Payne gave a signal with a mechanical or electrical device the instruction must be held to be deficient. Respondent contends appellants introduced no such evidence. To this

we cannot agree. David Payne testified that the LaSalle car he was driving at the time was equipped with two stop lights, one on each rear fender; that they were in good condition; that he put the brakes on as he approached the crossing. A witness for the defendants, Ward McAnany, testified that he was traveling south on Brookside and saw the LaSalle car driven by Payne and the Packard car driven by plaintiff ahead of him. Note his evidence:

". . . as the LaSalle reached 54th Street, the Packard started to pass, but I had noticed before the Packard began to pass that Mr. Payne stuck out his hand out the window, and I would judge that he put on his brakes because I could see the tail light light up."

"Q. Could you give us any judgment as to how far the LaSalle was from 54th Street when you saw these signals? A. I would say about two car lengths.

"Q. About two car lengths. From that time on did the LaSalle slow up any? A. Yes. The LaSalle slowed up to turn the corner. The LaSalle had intended turning to the left. He had his arm down for a left signal.

"Q. All right. A. And I saw him apply his brakes, at least I saw the lights, his tail light light up."

That evidence was ample to justify a finding that defendant Payne gave both signals, and plaintiff should have, by his instructions, submitted the issue to the jury in such a way as to require a finding that Payne failed to give either. The ordinance and the statute clearly require only one to be given. [Phillips v. Henson, 326 Mo. 282, 30 S. W. (2d) 1065, 1. c. 1066 (1, 2).] We are dealing with the statutory duties and the duties under the Kansas City ordinance. Plaintiff's instruction was based on the theory that the defendant, David Payne, violated the duties required by those laws.

Respondent also argues that since the instruction submitted in the conjunctive several charges of negligence the verdict cannot be disturbed if any one of the charges is supported by substantial evidence, citing Westenhaver v. St. Louis-San Francisco R. Co., 340 Mo. 511, 102 S. W. (2d) 661; Berry v. Baltimore & O. R. Co., 43 S. W. (2d) 782, and other cases. Such shotgun instructions have been approved, or perhaps it would be better to say such instructions have been tolerated, but that is not the situation we now have before us. Suppose the jury found for plaintiff because it believed defendant, David Payne, failed to give an arm signal of his intention to make a left turn, and suppose further the jury believed the defendant did give a signal with the electrical device with which the car was equipped. In such a situation there would be a verdict against defendants on the theory that David Payne violated a statutory duty even if the jury believed he did all the law required. The instruction clearly author-

94

ized such a result and it must follow that it was prejudicially erroneous.

It is also urged the evidence failed to disclose that the defendant, David Payne, was, at the time of the collision, acting as agent of the defendant, C. F. Payne. Respondent contends that this question was not preserved for our review. Since the case must be remanded for trial we need not discuss this point. Appellants preserved for our review the contention that plaintiff was guilty of negligence as a matter of law. We need not review this question, except to say that in our opinion under the present record it was a jury question. We cannot anticipate what the evidence will be at another trial.

For the error indicated the judgment is reversed and the cause remanded. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.