[24] The motion is a repetition of respondent's contentions in his brief. However, he earnestly urges that the contributory negligence of respondent, if any, was a question for the jury, and calls attention to the recent case of Hamilton v. Patton Creamery Co., Mo.Sup., 222 S.W.2d 713-716, as supporting his contention. In that case the plaintiff denied that he was attempting to pass the truck with which he collided, and it was shown that in a deposition plaintiff had testified that he was passing the truck. Therefore, under the disputed fact as to whether he was attempting to pass, the question was for the jury to determine. That is clearly not this case, where plaintiff testifies that he was in the act of passing the Moore truck.
[25] Respondent also cites the case of Bates v. Friedman, Mo.App., 7 S.W.2d 452-453. In that case the plaintiff testified that when his motorcycle collided with defendant's truck at an intersection it was not his intention to pass the truck. And so in that case the statute forbidding passing at an intersection was not involved.
[26] In the case of Mann v. Payne, 349 Mo. 89, 159 S.W.2d 602, the statute was not involved, but the contributory negligence claimed was that plaintiff attempted to pass defendant's car by turning to the left of *Page 843 
the center of the roadway at a high rate of speed and in that way struck defendant's car.
[27] Respondent contends that we have misconstrued the statute providing "that no operator or driver shall pass a vehicle * * * while the vehicle is crossing an intersecting highway." Mo.R.S.A. § 8385. We think the only reasonable construction of the statute is that stated in our opinion, and that an attempt by the driver of the vehicle to pass another vehicle while it is either on or so near to an intersection that the act of passing would have to be while the vehicle is crossing an intersecting highway is a violation of the statute. We do not find that the question has been directly ruled by either of the Appellate Courts or the Supreme Court of our state.
[28] However, we do find that the Supreme Court of Michigan, in the case of Filter v. Mohr, 275 Mich. 230, 266 N.W. 341, 343, had before it a very similar statute of that state. In that case the trial court said, "May a collision happening 37 feet from an intersecting highway line be classified as an intersection collision? I am firmly impressed with the belief that the answer should be in the affirmative." The trial court held as follows: "In the instant case to place a construction that would only require the extra care within the four boundary lines of intersecting highways would be narrow and dangerous. Allowance must be made for a reasonable distance of approach." In reversing and remanding the case the Supreme Court cited the statute of that state as follows: "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any steam or electric railway grade crossing nor at any intersection of highways unless permitted so to do by a traffic or police officer." Comp. Laws 1929, § 4707 (c). The court then held as follows: "This collision did not occur within the intersection." Such cryptic holding would lend some color to respondent's contention here.
[29] However, a similar question was before the Supreme Court of Colorado, in the case of Crosby v. Canino, 89 Colo. 434, 3 P.2d 792, 793, 78 A.L.R. 1202, construing a traffic regulation that a "driver of any vehicle must not attempt to pass another vehicle or street car at a street intersection," and the contention made was that the rule was incompetent because the vehicle had not quite reached the intersection. The court said, "Traffic ordinances must be given a reasonable construction." And further, "We cannot so narrowly construe the word `intersection,' for the manifest purpose and intent of the rule was to forbid the very thing the defendant Lett did." Likewise in this case, the manifest purpose and intent of the statute is to prohibit the very thing the plaintiff was doing when the collision occurred.
[30] It is said in 60 C.J.S., Motor Vehicles, § 324, page 752, as follows: "* * * The passing of an automobile from the rear by another automobile has been held to be one continuing act from the time the latter vehicle leaves the direct travel lane until it returns to its proper lane after completing the passage."
[31] And in the case of Greer v. Marriott, 27 Ala.App. 108, 167 So. 597, 598, certiorari denied 232 Ala. 194, 167 So. 599, the court held as follows: "We hold that the passing of one car by another going in the same direction is one continuing act, from the time the rear car pulls out of the direct lane of travel in the rear of the car to be passed, up to and including the completion of the passing and the passing car is again in its proper lane."
[32] The motion for rehearing or to transfer to the Supreme Court is overruled.
[33] ANDERSON, P. J., and McCULLEN, J., concur. *Page 844