A. C. TERRELL, Appellant, v. FRANK B. McKNIGHT, Respondent, No. 41548—226 S. W. (2d) 714.

Division One, February 13, 1950.

*Dwight Roberts* and *Ira B. Burns* for appellant.

*Elliot Norquist* and *Thomas J. Wheatley* for respondent; *Kemp, Koontz, Clagett & Norquist* of counsel.

CLARK, P. J.—In a personal injury action plaintiff sued for $15,000.00. Verdict and judgment were for defendant. Plain-

tiff appeals and assigns error in the refusal of instruction No. 1 and the giving of instructions C-3 and D.

The amended petition upon which the case was tried, among other allegations, stated: that at a certain time and place plaintiff was driving an automobile easterly on United States Highway 71; that defendant's employee negligently operated a truck so as to cause the same to come into collision with the ،automobile which plaintiff was driving, as a direct result of which plaintiff was injured; that defendant's employee failed to exercise the highest degree of care in the operation of the truck in the following particulars:

"#A. That said employee, as he drove said truck immediately in front of plaintiff, caused and permitted same to suddenly and without warning slow down or stop on said highway at said time and place; that said employee at said time and place failed to extend his arm or to give other timely warning of his intention to slow down or stop and failed to stop said truck with the right side thereof as near the right hand side of the highway as practicable, all in violation of Section 8385, Statutes of Missouri, then in full force and effect."

▋ Defendant denied the material allegations of the petition and set up contributory negligence on the part of plaintiff.

The evidence was in sharp conflict as to the facts tending to show negligence on the part of defendant and contributory negligence on the part of plaintiff.

The main contention of plaintiff on this appeal, to which he devotes nearly all his brief, is that the court erred in refusing instruction No. 1 and in giving in lieu thereof instruction C-3. We set out those instructions in full as follows:

"Instr. No. 1

"The court instructs the jury that if you believe and find from the evidence that on the 15th day of June, 1948, the plaintiff was driving the automobile mentioned in evidence in an easterly direction on U. S. Highway No. 71; and if you further find and believe from the evidence that the motor truck mentioned in evidence was being operated on and about the business of defendant, by a driver in the employ of said defendant, in an easterly direction on Highway No. 71, at said time an— place, if you so find; and if you further find that said defendant thru his servant and employe—, if so, suddenly turned said truck onto the lane in front of plaintiff, if so, without any warning of his intention to do so, if so, and stopped said truck on said highway, if you so find, and failed to extend his arm or give other timely warning of his intention to stop said truck on said highway, if so, in such a position that the right side of said truck was not as near the right hand side of said highway as practicable, if you so find, then you are instructed that such failure, if any, on the part of said driver was negligence, and if you further find

and believe from the evidence that as a direct result thereof, plaintiff's motor car collided with said motor truck, if you so find, through no fault of the plaintiff, if so, thereby causing plaintiff to be injured, if you so find, then your verdict must be in favor of the plaintiff and against the defendant.''

''Instruction No. C-3.

''The Court instructs the jury that if you find and believe from a preponderance of the evidence, as defined in another instruction, that on the 15th day of June, 1948, the plaintiff was driving his automobile, mentioned in evidence, in an easterly direction on U. S. Highway No. 71; and if you further find and believe from the evidence that the motor truck, mentioned in evidence, was at said time and place being operated by the servants, agents, and employees of the defendant or by one of them, if you so find, and that while acting in the performance of their duties as such; and if you further find that at the places mentioned in ·evidence said agents, servants, and employees, or either of them, suddenly turned said truck on said highway, if you so find, and failed to extend his arm or give other timely warning of his intention to stop said truck on said highway, if so, and in such position that the right side of said truck was not as near the right side of said highway as practicable, if you so find, and that said actions, if any, would thereby be reasonably · likely to create danger of a collision between the plaintiff's car and said truck under the facts and circumstances in evidence, and

''If you further find that the defendant, acting by and through his said agents, servants, and employees, in the above respects failed to exercise the highest degree of care, then under the law the defendant, Frank B. McKnight, was guilty of negligence, and

''If you further find that such negligence, if any, directly caused or directly contributed to cause the plaintiff's automobile to strike, run against, and collide with said truck, and that plaintiff was thereby injured, and that at all said·times plaintiff was in the exercise of the highest degree of·care for his own safety, as defined in another instruction, then under the law the defendant, Frank B. McKnight, would be liable in damages to plaintiff for his said injuries, if any, and if you so find the facts to be, you will return your verdict in favor of plaintiff and against the defendant.''

Instruction No. 1 purports to cover the case and directs a verdict for plaintiff. It does not expressly ask the jury to determine whether or not defendant was negligent, that is, whether he exercised the proper degree of care. The instruction tells the jury that if they find that the driver of the truck suddenly turned into the lane in front of plaintiff without warning, *and* stopped the truck on the highway, not as near the right side as practicable, *and* failed to extend his hand or give other timely warning of his intention to stop, that such acts of the driver were negligence.

Plaintiff says the instruction is proper because, if the driver did the acts set out, he violated the positive terms of Section 8385, Revised Statutes Missouri 1939, [Mo. R.S.A.] and was negligent regardless of the degree of care he may have exercised. Plaintiff cites cases holding that violation of the positive terms of a statute, in and by itself, constitutes negligence.

We have no criticism of those cases, but they are not in point here because some of the acts set out in instruction No. 1 are not forbidden, under all circumstances, by Section 8385. The case cited on this point by plaintiff which comes more nearly to supporting his contention than any other case cited by him is Scott v. Kansas City Public Service Co. (Mo. App.) 115 S. W. (2d) 518. There an instruction somewhat similar to instruction No. 1 was approved but it was based upon only one provision of Section 8385, subsection (a) which requires a motionless vehicle to be placed as near the right side of the highway as practicable. That instruction, unlike instruction No. 1 in the instant case, did not combine allegations of common law negligence with negligence under positive statutory provisions.

Section 8385 is a long section prescribing rules for use of the highways. The provisions pertinent to the instant case are as follows:

"(a) All vehicles not in motion shall be placed with their right sides as near the right-hand side of the highway as practicable, . . ."

"(b) All vehicles when in operation shall be kept as close to the right-hand side of the highway as practicable."

"(h) An operator or driver when stopping, or when checking the speed of his vehicle, *if the movement of other vehicles may reasonably be affected by such checking of speed*, shall extend his arm in a horizontal position so that the same may be seen in the rear of his vehicle." [Emphasis ours.]

Subsections (a) and (b) are positive directions, the violation of which ordinarily is negligence, regardless of the care exercised by the violator, and, if such violation is the proximate cause of injury to another, recovery may be had therefor, by one for whose protection the provision was intended and who is not contributorily negligent. [38 Am. Jur., p. 827, sec. 158.]

Subsection (h) requires a motorist, when stopping or checking speed, to signal by extending his hand or otherwise only *if the movement of other vehicles may reasonably be affected by such checking of speed*. Applied to the instant case, that means that the driver of defendant's truck was not negligent in failing to signal his intention to stop if, by the exercise of the highest degree of care, considering the distance between his vehicle and that of plaintiff, the speed at which plaintiff was driving and the condition of the highway as to other traffic, he could reasonably believe he could stop without colliding with plaintiff's car. That was a hotly contested issue

of fact for the jury to decide, but which instruction No. 1 would foreclose by requiring the jury to convict the truck driver of negligence for merely failing to signal, regardless of the care he may have used in stopping his truck under the circumstances.

The instruction also would require the jury to convict defendant of negligence if the truck driver "suddenly turned said truck onto the lane in front of plaintiff without any warning of his intention to do so," regardless of the distance between the two vehicles and other existing conditions. That is not an allegation of negligence under Section 8385. It is an allegation of common law negligence, but is negligence only if the act is done without the proper degree of care under the circumstances. For a discussion of Section 8385 see Willhite v. City of St. Louis, 359 Mo. 933, 224 S. W. (2d) 956.

Instruction No. 1 combines in the conjunctive, statutory negligence and non-statutory or common law negligence. That is not improper if the instruction further requires the jury to find that the alleged acts were *negligently* done. The instruction failed to make that requirement and the court did not err in refusing it.

Instruction C-3 contains all of the essential portions of refused instruction No. 1, but supplies the fatal omission in that instruction by authorizing recovery only if the jury find that defendant's truck driver did the acts complained of and that same were reasonably likely to create danger and that in doing them the truck driver failed to exercise the highest degree of care.

Plaintiff also objects that instruction C-3 authorizes a verdict against plaintiff if he failed to exercise the highest degree of care, regardless of whether such failure contributed to his injuries. We do not believe the instruction is subject to that construction, especially when considered with other instructions. Instruction C-2 defined "highest degree of care" and instruction D authorized a verdict against plaintiff if the jury found that he committed certain specified acts and further found such acts, if any, were negligence and found that they contributed to plaintiff's injuries. Instruction C-3, read in connection with other instructions, clearly presented the essential issues to the jury, [See Raymond on Instructions, Vol. I, sec. 209] and the court did not err in refusing an erroneous instruction and giving a proper one in lieu thereof. [Harman v. Shotwell, 49 Mo. 423; Schiermeier v. Kroger Company, (Mo. App.) 167 S. W. (2d) 967.]

Plaintiff objects to the giving of instruction D which is as follows:

"Instruction No. D.

"The Court instructs the jury that it is the duty of the driver of an automobile following another automobile to keep a lookout. to

observe the automobile ahead and its movements, and to keep his automobile under control so that he would not run into the automobile ahead should it slow down or stop, and to keep his automobile a sufficient distance behind the automobile in front of him so as to avoid danger in case of sudden stopping of the automobile ahead.

"You are further instructed that if you find from the evidence that at the time and place in question plaintiff did not exercise the highest degree of care, in keeping a lookout ahead to observe the truck mentioned in the evidence and its movements, or in keeping his car under control so that he would not run into the truck ahead if it slowed down or stopped, or if you further find that he did not exercise the highest degree of care to keep his automobile a sufficient distance behind the truck mentioned in the evidence so as to enable him to avoid colliding with it if it slowed down, or stopped, if you so find, and if you further find that such conduct on his part, if any, was negligence and that such negligence, if any, contributed or combined with any negligence on the part of the driver of the said truck, if any, to cause plaintiff's injuries, if any, then even though you may find that the driver of the truck was negligent, nevertheless plaintiff cannot recover and your verdict must be for defendant."

Plaintiff's objections to the instruction are rather general; that the first paragraph is an independent instruction, does not correctly set out the law and is confusing when considered with the rest of the instruction. He further says that the instruction is not supported by the evidence and constitutes a lecture to the jury.

The instruction was copied from one approved in Christman v. Reichholdt (Mo. App.) 150 S. W. (2d) 527, l. c. 531. Similar objections were made to that instruction as are here made to instruction D, and were overruled by the St. Louis Court of Appeals in a well-reasoned opinion supported by abundant authority. In principle, the case of Roeslein v. Railway, (Mo.) 214 S. W. (2d) 13, also approves the giving of instruction D. There we approved an instruction [No. IV], after a review of the authorities and ▇▇▇ a full discussion which answers some of the objections now attempted to be made by plaintiff to instruction D.

We hold that no error was committed in the trial of the instant case and the judgment of the trial court is hereby *affirmed*. All concur.