**WHITE v. ROHRER.**

**No. 43725.**

Supreme Court of Missouri.

Division No. 2.

April 12, 1954.

32

Ben W. Swofford, Robert A. Schroeder, John C. Milholland, Thomas B. Phillips, Kansas City, Swofford, Schroeder & Shankland, Kansas City, of counsel, for appellant Louis White.

David R. Hardy, David H. Clark, and Sebree, Shook, Hardy & Ottman, Kansas City, for respondent Walter Rohrer.

BARRETT, Commissioner.

In this action to recover $15,000 damages for personal injuries resulting from a rear-end automobile collision. the jury returned a verdict in favor of the defendant. The issues involved upon the trial of the case, and upon this appeal by the plaintiff, are clearly made to appear from the pleadings and the given instructions. In his petition the plaintiff, Louis White, alleged that as

he was driving his 1942 Hudson Club Coupe in a southerly direction across the A. S. B. Bridge, on November 20, 1951, his automobile "was brought to a complete and full stop and had remained stopped for a period of time" when the defendant, Walter Rohrer, driving a 1951 Ford, negligently collided with the rear of his automobile. In his answer the defendant, Rohrer, plead that White was guilty of contributory negligence in several particulars, among others, that "Plaintiff negligently brought his said automobile *to a sudden stop or reduction of speed without giving an adequate warning signal thereof* to automobiles following plaintiff, and particularly to this defendant," and, that "Plaintiff negligently *failed to give an adequate warning to the operators of other automobiles,* and particularly to this defendant, *of his intention to suddenly stop or reduce the speed of plaintiff's said automobile."* In his principal recovery instruction White hypothesized that *"at that time and place plaintiff brought his automobile to a stop in traffic and that at said time and place defendant* Rohrer did not exercise the highest degree of care in keeping a lookout to observe the car ahead and its movements, and in keeping his car under control so that he would not run into the car ahead *as it slowed down or stopped,* and * * * that defendant Rohrer did not exercise the highest degree of care to keep his automobile *at a sufficient distance behind plaintiff's automobile* so as to enable him to avoid colliding with plaintiff's automobile *as it stopped,* * * *." On behalf of the plaintiff there was also an instruction upon the subject of burden of proof as to contributory negligence, and, in that connection, an instruction on a mechanical or electrical signaling device. The latter instruction, in conformity with the statute, V.A.M.S. § 304.020(11), informed the jury that if a motor vehicle is equipped with a mechanical or electric signaling device "which will display *a signal plainly visible from the rear and indicating intention to turn or stop, or that the speed of the motor vehicle is being slowed,* that signals with the hand and arm need not be given."

This instruction permitted the jury to find, if White's automobile was equipped with an electric signal light in good working order "which would display a signal plainly visible from the rear and indicating intention to stop," and that he "so operated his automobile as to give a signal to stop by means of such electrical signal * * * *and * * * that plaintiff did not stop suddenly,* then plaintiff owed no duty to signal with his hand and arm and cannot be charged with contributory negligence for failure to signal his intention to stop with his hand and arm." The italicized quotations are designed to point up and emphasize the issues in the trial court and the plaintiff's claim upon this appeal.

On behalf of the defendant there was an instruction defining the highest degree of care and an instruction on burden of proof, and instruction A which hypothesized the defendant's theory and claim of White's contributory negligence. In part, that instruction informed the jury that if they found and believed from the evidence "that, on the occasion mentioned in evidence, the plaintiff stopped his automobile on the highway on the A. S. B. Bridge in front of the automobile driven by defendant, * * * *and that plaintiff failed to extend his arm or give other timely warning of his intention to stop* his automobile on said highway, if so, and that at the time in question plaintiff knew, or in the exercise of the highest degree of care should have known, that *the stopping of his automobile without extending his arm or giving other timely warning of his intention to* do so, * * * would thereby be reasonably likely to create danger of a collision between plaintiff's automobile and defendant's automobile under the facts and circumstances in evidence," and that the hypothesized conduct was negligent and proximately caused the collision and plaintiff's injuries, plaintiff was not entitled to recover.

Upon this appeal the plaintiff urges that the verdict and judgment were against the weight of the evidence, and that the court erred in submitting the defense of con-

tributory negligence as set forth in instruction A for the reason that there was no evidence to support the submission. It is also urged that instruction A was prejudicially erroneous in that it is an incorrect statement of the law, submitted two grounds of negligence disjunctively without evidence to support both, and was an abstract statement of law without the hypothesization of sufficient facts to guide the jury and constituted an undue comment on the evidence.

The plaintiff's argument ignores, in part, the fact that the jury returned a verdict in favor of the defendant, the consequence being that in determining whether there was evidence in support of the hypothesized defense of White's contributory negligence, the evidence is viewed favorably to the defendant and the verdict. Floyd v. Thompson, 356 Mo. 250, 256, 201 S.W.2d 390, 393. Furthermore, upon the merits of the plaintiff's cause and the jury's verdict, neither the weight nor the substantiality of the evidence are open to question in this court, the jury resolved the one by its verdict and the trial judge resolved the other when he overruled the plaintiff's motion for a new trial. Cluck v. Abe, 328 Mo. 81, 84–85, 40 S.W.2d 558, 559–560; Small v. Wegner, Mo.Sup., 267 S.W.2d 26.

The plaintiff, White, testified that he entered upon the bridge at a speed of twenty-five miles an hour and at that time looked in his rear vision mirror and saw the defendant's car traveling at approximately the same speed "unusually close behind my car," five or six feet. White claims that as he left the bridge's last superstructure he came to a normal, gradual stop. However, as he proceeded across the bridge he said, "I merely glanced in the rear view mirror approximately six times," and "each time he was the same closeness to my car." He intended to and did stop in the line of traffic, knowing that the movement of other vehicles would be affected by his checking of speed, and he admits that he did not extend his arm in a horizontal position. In this connection he testified that his left car window was raised at the time, and he was unable to explain the admitted fact that the window was down after the collision. He testified that his automobile was equipped with electric signals, in good working condition, and that they operated upon application of the brakes. The inference he would have drawn is that he so signaled when he stopped, despite the fact that no one saw the signals. In any event, as he entered the southern superstructure he first slackened the speed of his automobile, but without touching his brakes or giving any other signal. He said, "I began to slow down so that I could come to a stop. * * * I removed my foot from the accelerator in preparation to putting it on the brake." So, despite one hypothesis of his principal recovery instruction, "as it slowed down," and the rule of the road upon which he relies requiring a mechanical signal "that the speed of the motor vehicle is being slowed", V.A.M.S. § 304.020(11), the plaintiff admits that he did not then signal. Thereafter, he continued on for some disance, and four or five car lengths beyond the southern superstructure applied his brakes and, according to him, came to a gradual stop and Mr. Rohrer, nevertheless, ran into the rear of his automobile.

Mr. Rohrer said that he was traveling at a speed of approximately twenty miles an hour, fifteen to twenty feet to the rear of White's automobile, and that as they passed the southern superstructure "I immediately saw him applying his brakes and I applied mine, and I gave him a little bump on the back end." He did not see an electric signal on White's automobile. He said that the first warning he had was "Him suddenly stopping." He described White's stop as "a fast stop," or a "sudden stop," and he said, "I didn't see any stop light at all."

From these circumstances the jury could reasonably find White guilty of contributory negligence. Bowman v. Moore, 237 Mo.App. 1163, 167 S.W.2d 675; Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912. It is true that in Phillips v. Henson,

326 Mo. 282, 30 S.W.2d 1065 and in Mann v. Payne, 349 Mo. 89, 159 S.W.2d 602, the court has said that, under the statute, Sec. 304.020(8, 11), the giving of an electric signal excuses the failure to give an arm signal. However, the Phillips case was a left turn case, and in the Mann case, an impartial witness saw the electric signal and the plain inference was that the signal was timely. Also, the Mann case was submitted alone upon failure to signal and that as a matter of law, and not upon failure to give a reasonable or timely warning of intention to slacken speed or stop. Under the statute, the test of the sufficiency of a warning is whether it is "timely," and the form and character of the signal, whether by arm or by lights, depends upon the circumstances in which it is given, and the forward driver does not in all circumstances discharge the full measure of his duty to give a reasonably adequate or timely warning when he only employs his brake signals. Knox v. Weathers, supra. "For example, in the case of a sudden and abrupt stop, the flash of a signal during the fleeting moment of time within which a front vehicle is brought to a stop may well be insufficient to warn the driver of a rear vehicle in time for him to prevent its collision with the one in front. In such a situation the very suddenness of the stop may necessarily render the warning inadequate and untimely, and refute the idea that the driver of the front vehicle had discharged his full duty under the law by merely having his vehicle equipped with an electrical signaling device which began to function upon application of his brakes." Matthews v. Mound City Cab Co., Mo.App., 205 S.W.2d 243, 247. The plaintiff says that there was a sharp dispute "as to the type of stop made by plaintiff" but, he urges, that the defendant abandoned his theory that the stop was sudden and abrupt because he merely required the jury to find that "the plaintiff had stopped on the highway in front of him." While the suddenness of White's stop may not have been hypothesized in detail, it was an issue in the case from the defendant's pleading, "to a sudden stop," throughout the trial,

including plaintiff's signal instruction "that plaintiff did not stop suddenly," and was in no sense abandoned as an issue. The electrical signal only functioned upon application of the brakes and if the stop was sudden and abrupt so was the warning sudden and abrupt, and, it may be added, inadequate in the circumstances or untimely. Knox v. Weathers, supra; Matthews v. Mound City Cab Co., supra.

 While instruction A does not closely adhere to the provisions of the statute and the pleadings, it does submit as contributory negligence the basic hypothesis of failure to give a timely, adequate warning of intention to stop in the circumstances. Ritz v. Cousins Lumber Co., 227 Mo.App. 1167, 59 S.W.2d 1072; Bowman v. Moore, supra. The instruction in hypothesizing "failed to extend his arm or give other timely warning" does not thereby disjunctively submit two grounds of negligence. In this case there was an evidentiary basis for both, but, as a reading of the quoted part of the instruction reveals, the instruction, in fact, submits but a single duty "timely warning" of intention to stop, and the fact that such a timely warning was not given either by a hand signal or otherwise. Hieber v. Thompson, Mo.App., 252 S.W.2d 116, 123. While the instruction is not to be recommended as a model in all similar situations, almost identical instructions, some of them on behalf of plaintiffs, have been given and approved in other cases. Terrell v. McKnight, 360 Mo. 19, 226 S.W.2d 714; Bowman v. Moore, supra. This was in fact a simple case involving simple issues, upon this appeal a simple question of contributory negligence, Le Grand v. U-Drive-It Co., Mo., 247 S.W.2d 706, 711, and, in view of the plaintiff's instructions and all the circumstances, there was no undue reiteration of fact or undue comment on particular evidence, Ward v. Missouri Pac. R. Co., 311 Mo. 92, 106, 277 S. W. 908, 911, or unwarranted assumption of fact, and the instruction set forth sufficient facts, and was not confusing or misleading. Bowman v. Moore, supra; Terrell v. McKnight, supra. There was no necessity

for the instruction to include a further definition of "timely" or "adequate warning", Allen v. Wilkerson, Mo.App., 87 S.W. 2d 1056, 1062, and, all in all, there is no demonstration upon this record that the instruction was so prejudicially erroneous in any respect materially affecting the merits of the action that the plaintiff is entitled to a new trial. V.A.M.S. § 512.160-(2); Knox v. Weathers, supra; Jarboe v. Kansas City Public Service Co., 359 Mo. 8, 16, 220 S.W.2d 27, 32. Accordingly, the judgment is affirmed.

WESTHUES and BOHLING, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.