**Georgia Lee Jett SCHOESSEL, Plaintiff-Appellant,**

v.

**Jesse L. ROBERTSON, Defendant-Respondent.**

**No. 34221.**

Missouri Court of Appeals, St. Louis District.

April 25, 1972.

Daniel P. Reardon, Kenneth V. Byrne, St. Louis, for plaintiff-appellant.

Evans & Dixon, Henry Menghini, St. Louis, for defendant-respondent.

DOWD, Judge.

This is a rear end collision case where the jury found in favor of the defendant. Plaintiff appeals. The sole issue on this appeal is whether the court below prejudicially erred in submitting to the jury the

following contributory negligence instruction:

"Your verdict must be for the defendant whether or not defendant was negligent if you believe:

"First, plaintiff suddenly stopped her automobile on the highway without first giving an adequate and timely warning of her intention to stop, and

"Second, plaintiff was thereby negligent, and

"Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained."

On this appeal we must consider the evidence in a light most favorable to the defendant and the verdict. Manley v. Horton, Mo., 414 S.W.2d 254; White v. Rohrer, Mo., 267 S.W.2d 31 [1]. We shall relate the evidence herein consistent with this mandate.

This action arose out of a three car collision on McCausland Avenue in St. Louis, Missouri, on February 17, 1969, at about 4 p. m., during the rush hour. The plaintiff Schoessel testified that she was traveling south in the curb lane just past the intersection of Mitchell Street°where she had stopped for a red light. She was proceeding at about 20 m. p. h., approximately 2–3 car lengths behind a vehicle driven by one Mrs. Mauze. Suddenly, with no turn signal or brake lights, the Mauze car started to turn right into a driveway. The plaintiff pumped her brakes and came to a stop behind the Mauze car, but was struck from behind by the defendant's vehicle and pushed into the rear of the Mauze auto. Just prior to the collision, the defendant had changed lanes.

Parts of the plaintiff's deposition were read into evidence wherein she stated, contrary to her testimony, that the Mauze car came to a stop after starting to turn, that she hadn't noticed the car begin to slow down, and that she had to slam on her brakes. Plaintiff's deposition contained the following questions and answers:

"Q. But prior to the time that you hit your brakes, did you give the man behind you any indication that you were going to stop?

"A. No, because I had no idea that she was going to stop in front of me.

"Q. Well then your answer is no, is it not?

"A. Right."

The defendant Robertson's deposition, read into evidence, related that he had been traveling behind the plaintiff's vehicle for quite some time prior to the accident at approximately 20–25 m. p. h. Traffic was heavy, and he was approximately 1½ car lengths behind her when he saw her brake lights go on. He immediately applied his brakes, but was unable to avoid an impact. He knew nothing of the impact between the Schoessel and Mauze vehicles, but he was certain the plaintiff's car was stopped at the time he hit it in the rear.

The defendant produced the driver of the first car, Mrs. Mauze, as his witness. She testified that her brake and signal lights were working and that she had turned on her right signal at Mitchell Street. The signal remained in operation for the half block distance between Mitchell and her driveway. She observed the plaintiff's auto about ½ to 1 car length behind hers. As she turned into her driveway she was slowing down and reduced her speed from about 15 m. p. h. to about 10 m. p. h., but at no time did she come to a stop prior to being struck by the plaintiff's vehicle. She testified that she heard no other impact before her car was struck and pushed into a pole, but that she felt a heavy "vibration" after she was at standstill. She claimed the plaintiff admitted that her car struck the Mauze vehicle before it was itself struck by the defendant's auto.

As a result of the above testimony, we believe a jury could have properly found negligence on the part of the plaintiff, if they believed the testimony of the defendant and his witness, Mauze. Therefore, the instruction on contributory negligence was not only proper, but mandatory in light of the evidence presented.

There is considerable conflict between the testimony of the plaintiff and that of the defendant's witness, Mauze. If the jury believed Mauze and did not believe the plaintiff, then they may reasonably have decided the issues presented by this instruction to arrive at a finding of contributory negligence on the part of the plaintiff. As the court held in Matthews v. Mound City Cab Co., Mo.App., 205 S. W.2d 243 [7], it is a question for the jury as to whether the driver of the front car stopped with such abruptness as to convict him of negligence in failing to give a reasonable warning of his intention. If the jury believed that the Mauze auto had been slowing down and had reduced its speed from 15 m. p. h. to 10 m. p. h., and had its signal light in operation, and the brake lights on, then there was ample evidence for the jury to have found that plaintiff made an unnecessarily sudden stop without adequate warning, and that she was negligent in so doing. This would be true whether plaintiff's car struck the Mauze car before or after it was struck by the defendant's car.

Considering the testimony as we must in the light most favorable to the defendant, Ryan v. Manheimer, Mo., 435 S.W.2d 366 [5], we conclude that the evidence supports the verdict reached by the jury, and that it was proper for the court to have so instructed on the basis of that evidence. White v. Rohrer, supra.

The judgment is affirmed.

BRADY, C. J., and SMITH, SIMEONE and WEIER, JJ., concur.