Lori Dennison ROSSON,
Plaintiff-Appellant,

v.

Edward OBERKROM and the Xerox
Corporation,
Defendants-Respondents.

No. 48407.

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 26, 1985.

Joseph A. Fenlon, Clayton, for plaintiff-appellant.

William I. Rutherford, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

Plaintiff appeals from a jury verdict rendered in favor of defendant on her claim for damages arising from a vehicular collision. We affirm.

Plaintiff contends that the court erred in submitting an instruction on contributory negligence because there was no evidence to support it. In reviewing such charge we must consider the evidence in the light most favorable to the defendant and the verdict and disregard unfavorable evidence. *White v. Rohrer*, 267 S.W.2d 31, 34 (Mo.1954).

Defendant testified that at approximately 9:00 a.m. on April 8, 1980, he was eastbound in the center lane of Interstate 70 near Lambert International Airport. As he crested a hill, he saw a jackknifed tractor-trailer blocking the center lane approximately 900 feet in front of him. He first

noticed plaintiff's car when he was about 800 feet from the trailer. She was two to three car lengths ahead of him in the center lane and they were both traveling about 40 miles per hour. Defendant was attempting to merge with traffic to the left. He glanced in his mirror to look at a car that was passing on his left, but managed to continue to watch plaintiff's car "out of the corner of [his] eye" with peripheral vision. This took approximately a second at which time defendant's car had traveled approximately 60 feet and in which time plaintiff's car had either stopped or had slowed to no more than 5 miles per hour. Defendant testified he did not see plaintiff's brake lights come on nor did he see her signal. He applied his brakes, but the right front of his vehicle hit the left rear of plaintiff's vehicle causing minor damage. According to defendant, after the collision, they were at least 600 feet from the jack-knifed tractor-trailer.

Defendant's contributory negligence instruction [1] provided:

Your verdict must be for defendants Edward Oberkrom and Xerox Corporation if you believe:

First, plaintiff suddenly stopped her automobile on the highway without first giving an adequate and timely warning of her intention to stop, and

Second, plaintiff was thereby negligent, and

Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

■ Defendant's instruction follows MAI 32.01 as modified by MAI 17.12. The Committee Comment to MAI 17.12 states that Section 304.019 RSMo 1978, provides "no person shall stop or suddenly decrease the speed of or turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate

signal in the manner provided." Thus the propriety of submitting a sudden stop instruction depends upon whether the plaintiff suddenly stopped and whether an adequate and timely warning is given. Plaintiff asserts there was no substantial evidence that she failed to give an adequate and timely warning nor that she stopped suddenly.

Plaintiff cites *Brassfield v. Sears*, 421 S.W.2d 321 (Mo.1967) in support of her contention. In *Brassfield*, plaintiff and defendant were both traveling in the same direction on a highway. A third car traveling towards them went out of control. Plaintiff suddenly stopped to avoid this car. Defendant's attention was focused on the oncoming car and defendant testified that he didn't believe plaintiff's brake lights were on but he couldn't say they were not. The Supreme Court held it was error to give the "sudden stop" contributory negligence instruction. The court noted that negative evidence that "I did not hear" or "I did not see" is positive, probative evidence when it is probable that the witness could have seen or heard had the event occurred. The court concluded that as defendant's evidence established he was not observing plaintiff's car there was no evidence to justify the submission of slowing without an adequate and timely signal.

■ In the instant case, defendant testified that he did not see plaintiff's brake lights come on at any time nor see any other signal. Unlike the defendant in *Brassfield*, here, defendant stated that after first seeing plaintiff's car when he was approximately 800 feet from the tractor-trailer, he either was watching her directly or with his peripheral vision. We believe this constituted sufficient probative evidence for the jury to determine whether plaintiff signaled.

We have also concluded there was sufficient evidence from which the jury could have found that plaintiff stopped suddenly. We believe the evidence examined in the

1. This case was tried on January 25, 26 and 27, 1984 and may be one of the last contributory negligence cases tried in the State of Missouri.

Comparative negligence became applicable in all trials commenced after January 31, 1984.

light most favorably to defendant establishes that while traveling 40 miles per hour, plaintiff either stopped or slowed to 5 miles per hour in the space of approximately 60 feet. Our courts may take judicial notice that an automobile traveling at a given speed may be stopped within certain limits. *Ochs v. Wilson*, 427 S.W.2d 748, 752 (Mo.App.1968). Not taking into account reaction time, the actual braking distance of a car traveling 40 m.p.h. ranges from 76 feet to 120 feet. Blashfield, Automobile Law and Practice, 3rd Ed., § 3.3, p. 38. Keeping in mind that defendant's time and distance estimate were approximations, *Vaeth v. Gegg*, 486 S.W.2d 625, 628 (Mo. 1972), defendant's evidence is consistent with plaintiff's stopping in the shortest distance possible traveling at 40 miles per hour. This was sufficient evidence to create an issue for the jury.

As there was substantial evidence to support the giving of the contributory negligence instruction, there is no merit to plaintiff's contention that she was entitled to a directed verdict.

Affirmed.

GAERTNER and KAROHL, JJ., concur.